HAROLD LIGHTBOURN v. STATE.

175 So. 857.
Opinion Filed July 31, 1937.

44

Roger Edward Davis, for Plaintiff in Error;

Cary D. Landis, Attorney General, and Roy Campbell, Assistant Attorney General, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction of manslaughter.

The defendant interposed the defense of self-defense.

During the course of giving instructions to the jury the court instructed the jury as follows:

"Before a person can avail himself of the defense that he used a deadly weapon in defense of his life, he must satisfy the jury beyond and to the exclusion of a reasonable doubt that it was necessary to protect his own life and protect himself from great bodily harm."

The court gave the jury other instructions which were in conflict with the enunciation included in this instruction.

The charge of the court was excepted to as a whole. In the motion for a new trial there was included ground 11 as follows: "The instructions to the court were insufficient and inapplicable to the evidence of the case." This is the only reference in the motion for new trial to the instructions of the court to the jury.

Assignment of error No. 6 is: "Defendant contends that the court erred in overruling and denying defendant's motion for new trial because the court's charge to the jury had a tendency to mislead and confuse the jury and did mislead and confuse the jury."

Assignment of error No. 4 is: "Defendant contends that the corut erred in overruling and denying defendant's motion for a new trial because the charge of the court as

given the jury was an erroneous statement of the law as applied to the evidence adduced at the trial."

It is apparent that a strict enforcement of the rules of Practice and Procedure by us would prevent our consideration of the merits of the matter complained of and, therefore, in the interest of justice we shall not apply the rules strictly to this case because the error was patent and the language used in the instruction complained of so contrary to the law in that regard as to cause us to feel that the judgment must be reversed.

In Pinder v. State of Florida, 27 Fla. 370, 8 Sou. 837, 26 Am. St. Rep. 75, where this Court was discussing what is necessary to constitute excusable homicide by reason of defendant acting in self-defense, it was said:

"All that can be required of the prisoner in such cases would be to show that he was surrounded by such condition of affairs as made it, from his standpoint, *reasonable* for a cautious and prudent man to *believe* that it was necessary to fire the fatal shot, or strike the fatal blow, in order to save himself from death or great bodily harm."

The instruction given and complained of in the instant case violates that enunciation. So, the judgment should be reversed and the cause remanded for a new trial.

Reversed and remanded.

TERRELL, BROWN and CHAPMAN, J. J., concur.