308 So.2d 174 (1975)
Kenneth M. FRANCIS, Appellant,
v.
STATE of Florida, Appellee.
No. V-35.
District Court of Appeal of Florida, First District.
February 19, 1975.
*175 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
BOYER, Judge.
Appellant was charged in an indictment along with nine other persons with murder in the first degree, and was charged by information with false imprisonment, use of a weapon in the commission of a felony, aggravated assault, two counts of assault, two counts of aggravated battery, and kidnapping. After a jury trial, he was found guilty of first degree murder, false imprisonment, use of a weapon in the commission of a felony, aggravated assault, and aggravated battery. The trial judge sentenced him to life imprisonment for first degree murder and withheld sentence as to the remaining charges.
At trial the following factual picture became clear: Appellant and the victim, Michael Ross Cochran, had attended the Green Valley School at the same time. Cochran had acted as an informant for local law enforcement officers regarding illegal activities, mostly regarding drug offenses, taking place at the school. Several witnesses for the State, as well as the appellant himself, testified that Cochran's activities as a police informant had angered the appellant, and that he blamed Cochran for the police raid on the school.
On the day before and the day of the murder, the appellant had been using drugs heavily. Appellant spent the night and slept at 27 N. Grandview (otherwise known as roach haven) in Daytona Beach the night of April 26, 1973. When the appellant awoke on the next morning, he found Cochran asleep in the same room. Appellant, as well as others in the room, became incensed at Cochran's presence. Thereafter followed an afternoon of torture and abuse of the victim by the appellant and others which resulted in the victim's murder. After being beaten and otherwise abused, the victim was placed in the trunk of a car, taken into some woods located south of Daytona Beach, and was clubbed to death with a log. At trial, the appellant admitted striking the victim at 27 N. Grandview, but denied striking him in the head with the log and asserted that during the entire proceeding, he was incapacitated by the effects of the drugs that he had taken during the previous evening and the day of the murder. However, our examination of the record reveals other evidence which under the circumstances supports the contrary obvious findings of the jury.
During the presentation of the appellant's case, defense counsel attempted to offer the testimony of Deborah Shook, one of the other persons named in the original *176 first degree murder indictment, regarding certain statements against penal interest allegedly made by another person named in the indictment, David O. Hester. After the State objected to this offer on the grounds of hearsay, the trial court sustained the objection on the ground that the defense did not show that the appellant had also heard Hester's alleged statements against interest.
Appellant now appeals his conviction and sentence and as grounds thereof urges that the trial court erred in ruling on the admissibility of Ms. Shook's testimony proffered by the defense before the defense had completed its proffer of the evidence.
Appellant is quite correct in his assertion that a trial court should not refuse to allow proffered testimony to be read into the record outside of the presence of the jury in order to insure a defendant full and effective appellate review. The record, however, does not support the appellant on this issue. On the contrary, the record reveals that the trial court merely ruled that the proposed testimony of Ms. Shook would be inadmissible hearsay. The trial judge never precluded the appellant from preserving a record for appellate purposes nor did the appellant request that he be allowed to continue his proffer, notwithstanding proper objections, for purposes of making a full record to be reviewed on appeal. Therefore, while we fully accept the appellant's statement of law that a trial court should allow a defendant to make his proffer of evidence for purposes of appellate review, we find that the record does not support the appellant's position on this point.
Appellant further argues that the trial court erred in refusing to permit Ms. Shook to testify as to certain statements allegedly made against penal interest by David O. Hester; urging this Court to recognize declarations against penal interest as an exception to the hearsay rule. The State argues, however, that the statements sought to be introduced are hearsay and that the declaration against interest exception to the hearsay rule should not be expanded to include declarations against penal interest.
The underlying theory of the declaration against interest exception to the hearsay rule is that the necessity of the occasion renders the reception of such evidence advisable and that the reliability of such declaration is generally to be depended upon, since a person does not ordinarily assert facts which are against his own interest. (Filesi v. U.S., 352 F.2d 339 (4th Cir.1965). The two vital elements of this exception are the unavailability of the witness and the nature of the interest involved. In the case sub judice, appellants have satisfied neither element. Although traditionally, unavailability has meant that the declarant has died (Donnelly v. U.S., 228 U.S. 243, 33 S.Ct. 449, 65 L.Ed. 820 (1913)), some states have expanded the concept of unavailability to include illness, insanity, absence from the jurisdiction and incompetency through interest. (Straughan v. Asher, 372 S.W.2d 489 (Mo. App. 1963)). Moreover, the proposed Federal Rule of Evidence 804, which recognizes the exception, includes within the definition of unavailability the exercise by the declarant of his constitutional right against self-incrimination. Despite these methods of establishing unavailability of the declarant, appellant in the case sub judice made no attempt whatsoever to demonstrate that the declarant Hester was unavailable to testify at trial. Without such a showing, there can be no basis for allowing the witness Shook to testify as to statements against interest made to her by Hester.
Even had appellant shown that Hester was unavailable as a witness, the witness Shook would not have been allowed to testify because of a failure to establish the nature of the interest. Generally, a statement against interest, otherwise hearsay, would be admissible only if shown to be against the pecuniary or proprietary interest of the declarant. Although some jurisdictions and the proposed Federal Rules of Evidence recognize declarations *177 against penal interest as an exception to the hearsay rule, appellant has been unable to point to any definitive opinion from either the Florida Supreme Court or any of the District Courts of Appeal which recognize the declaration against penal interest doctrine, nor has our independent research revealed any. We therefore find that the declaration against penal interest exception to the hearsay rule is not recognized under Florida law. The policy behind the hearsay rule is that such testimony is inherently unreliable. We remain unconvinced that statements allegedly made against a person's penal interest is any more reliable than the more common types of hearsay. We therefore uphold the trial court's ruling on the admissibility of the proposed testimony.
We have considered the remaining points raised by appellant on appeal and find them to be without merit.
Accordingly, appellant's conviction and sentence are
Affirmed.
RAWLS, C.J., and McCORD, J., concur.