SMITH, Judge.
Following the jury’s verdict that he is guilty of robbery, appellee filed a timely motion for new trial asserting among other grounds his counsel’s discovery of new and material evidence which, if introduced at the trial, would probably have changed the verdict. Appellee and his counsel could not with diligence have discovered and produced the evidence at trial. The trial court granted appellee’s motion solely on that ground pursuant to Rule 3.600(a)(3), *610 R.Cr.P., and the State appealed. Sec. 924.-07, F.S.1973.
Appellee’s motion and the trial court’s order were predicated on transcripts of statements taken under oath by appellee’s counsel from Earlene Johnson and her mother to the effect that Ms. Johnson’s husband, John E. Johnson, had stated at the time of appellee’s arrest and later that appellee had not committed the robbery. Ms. Johnson’s mother stated further that Johnson stated that he himself committed the offense in question. Johnson left town soon after allegedly making the statements, and his location when the women gave their statements and at the time of the trial and post-trial hearing was unknown.
The trial court’s order granting a new trial is entitled to a strong presumption of correctness, and we interfere with only the greatest reluctance. E. g., Russo v. Clark, 147 So.2d 1 (Fla.1962). That rule is especially applicable in a criminal case such as this, in which the trial court obviously had reservations about the strength of the State’s identification testimony. Yet neither this Court nor the trial court is privileged to abrogate Rule 3.-600(a)(3), which contemplates that a new trial on grounds of newly discovered evidence may be granted only when the evidence would probably have changed the verdict at the former trial or would probably result in a different verdict upon a new trial. Testimony by Earlene Johnson and her mother attributing a statement to John E. Johnson inculpating himself and exonerating appellee would not have been admissible at the former trial and it could not be admitted at the desired new trial. Francis v. State, 308 So.2d 174 (Fla.App. 1st, 1975); Pitts v. State, 307 So.2d 473 (Fla.App. 1st, 1975).[1]
If the preferred evidence cannot be admitted, it cannot affect the result of the trial. See generally Harvey v. State, 87 So.2d 582 (Fla.1956) and Luster v. State, 262 So.2d 910 (Fla.App. 3rd, 1972). Contrast State v. Brown, 177 So.2d 532 (Fla.App. 2nd, 1965), in which evidence otherwise inadmissible was considered on motion for new trial by stipulation of the parties. See also United States v. McBride, 463 F.2d 44 (5th Cir., 1972), cert. den., 409 U.S. 1027, 93 S.Ct. 475, 34 L.Ed.2d 320, and McCroskey v. United States, 339 F.2d 895 (8th Cir., 1965), applying the comparable Federal rule.
The trial court’s order granting a new trial on the limited grounds of Rule 3.-600(a)(3), R.Cr.P. is
Reversed.
McCORD, Acting C. J., and MILLS, J., concur.

. The principle this Court enforced in Francis and Pitts, that evidence of “declarations against penal interest” is not excepted from the hearsay exclusion, has been abandoned in some jurisdictions. In Chambers v. Mississippi, 410 U.S. 284, 298-302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), the Supreme Court found circumstances giving the question constitutional dimensions and held that Mississippi courts offended due process by excluding such a declaration. The declaration would be admissible under Rule 804(b)(3), Federal Rules of Evidence.