351 So.2d 738 (1977)
Myrtle L. PHILLIPS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1026.
District Court of Appeal of Florida, Third District.
November 8, 1977.
*739 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., and Jose P. Rodriguez, Legal Intern, for appellee.
Before HENDRY, C.J., and NATHAN and KEHOE, JJ.
KEHOE, Judge.
Appellant was convicted by a jury of murder in the second degree. Subsequently, she was adjudicated guilty and sentenced to a term of life imprisonment. By this appeal appellant contends, basically, (1) that the trial court erred in admitting into evidence certain color photographs of the victim and (2) that the trial court erred in excluding certain proposed defense witnesses from testifying. After careful consideration of the points raised on appeal, we are of the opinion that they are without merit.
As a general rule the admissibility of photographic evidence is within the broad discretion of the trial judge. In the instant case, with regard to appellant's first point on appeal, there has been no clear showing of the abuse of this discretion; therefore, the decision of the trial court on this point is affirmed. See, e.g., Swan v. State, 322 So.2d 485 (Fla. 1975); Wilkins v. State, 155 So.2d 129 (Fla. 1969); Leach v. State, 132 So.2d 329 (Fla. 1961); Garmise v. State, 311 So.2d 747 (Fla. 3d DCA 1975); Pressley v. State, 261 So.2d 522 (Fla. 3d DCA 1972); and Reed v. State, 224 So.2d 364 (Fla. 4th DCA 1969).
Appellant, in her second point on appeal, contends that the trial court erred by excluding the testimony of four proposed witnesses, who were doctors, whose testimony was relevant and material to her affirmative defense of self-defense. The trial judge, after hearing an offer of proof by defense counsel as to the proposed testimony of the doctors and upon objection by prosecution counsel, ruled that the proposed *740 testimony of the doctors pursuant to the offer of proof would be excluded.
The primary purpose of making an offer of proof in the trial court, i.e., what the witness would say if he were permitted to answer a question and what is expected to be proved by the answer to the question, is to include the proposed answer and expected proof in the official record of the trial, so that in case of an appeal of the trial judge's ruling, the appellate court may understand the scope and effect of the question and proposed answer in considering whether the trial judge's ruling sustaining an objection was proper. The statement constituting the offer of proof must be reasonably specific and must state the purpose of the proof offered unless the purpose is apparent. See, e.g., Piccirrillo v. State, 329 So.2d 46 (Fla. 1st DCA 1976); Francis v. State, 308 So.2d 174 (Fla. 1st DCA 1975); and McCormick, The Law of Evidence 109-112 (2d ed. 1972). Further, it is the responsibility of the party attempting to introduce the evidence, by his offer of proof, to make its purpose clear to the trial court, otherwise, an objection to a ruling denying its admittance will not be considered by the court on appeal, even though the appellant may have had a legitimate purpose in proposing its introduction. Without such a showing, it is impossible for the appellate court to determine whether the proposed evidence was admissible. See, e.g., Haager v. State, 83 Fla. 41, 90 So. 812 (Fla. 1922); Henry v. State, 81 Fla. 763, 89 So. 136 (Fla. 1921); Piccirrillo v. State, 329 So.2d 46 (Fla. 1st DCA 1976); and Francis v. State, 308 So.2d 174 (Fla. 1st DCA 1975).
In the instant case, we have carefully reviewed the record and have concluded that the offer of proof, in regard to appellant's second point on appeal, was not clear or specific enough for us to determine that the trial court erred in excluding the proposed testimony of the doctors. Although the proposed testimony might have been proper for some purpose, based on the offer of proof as made in regard to the appellant's defense of self-defense and the principles set forth above, we are unable to say that the trial judge erred as contended by appellant. Therefore, the decision of the trial court on this point is also affirmed. See Lightbourn v. State, 129 Fla. 43, 175 So. 857 (1937); McKnight v. State, 341 So.2d 261 (Fla. 3d DCA 1977); Fernandez v. Arocha, 308 So.2d 45 (Fla. 3d DCA 1975); and Darty v. State, 161 So.2d 864 (Fla. 2d DCA 1964).
Based on the foregoing, the judgment appealed is affirmed.
Affirmed.