386 So.2d 25 (1980)
Clementine WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1917.
District Court of Appeal of Florida, Second District.
June 25, 1980.
Rehearing Denied July 29, 1980.
*26 Jack O. Johnson, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Clementine Williams appeals her conviction and sentence for manslaughter. She contends that the trial court erred in not allowing her to attack the credibility of the state's chief witness by cross-examining the witness as to a false statement made to the police on a prior occasion. We agree and reverse.
A grand jury indicted Williams for the first degree murder of Allan Maultsby. Maultsby died as a result of a shooting that occurred during a verbal confrontation between Williams, Maultsby and Delores Brown. Williams and Brown were the only witnesses to the shooting and their testimony at trial conflicted.
Williams testified that early on the evening of the shooting she had attempted to talk with Maultsby but he had refused to speak with her. Later, she went to Brown's residence where she met Brown and Maultsby in the driveway and once again requested to speak to Maultsby. According to Williams, Brown came toward her with a gun in her hand, cursing and waving the gun. Williams returned to her car and got her gun. Brown struck her and asked her to leave, but Williams insisted on talking to Maultsby. Maultsby indicated that he would talk to Williams and he and Williams then walked to a nearby fence. Brown followed them, came from behind Maultsby and grabbed Williams. A struggle followed and Williams testified that the gun in her hand discharged when Brown grabbed her hand during the struggle.
Brown testified that on the night of the shooting Williams had been following her and Maultsby in an attempt to talk to Maultsby. Williams, carrying a gun in her hand, confronted Brown and Maultsby in the driveway of Brown's home. An argument ensued, during which Brown said that Williams hit her in the face with the gun. Williams raised her gun at Maultsby, at which point Brown stepped between Williams and Maultsby. Williams then struck Brown a second time with the gun, causing Brown to fall between Williams and Maultsby. While Brown was attempting to get up, and still dazed, she saw someone's hands in the air. She heard one shot, and Maultsby then fell to the ground.
While cross-examining Brown, the defense attempted to ask her about lying to the police on a previous occasion. The state objected and the defense proffered Brown's testimony. The proffer established that another girlfriend of Maultsby's had thrown a brick at Brown's car sometime in the past and that Brown had called the police but, at Maultsby's request, had lied and told them she did not know who had thrown the brick.
The trial court erred in refusing to allow the defense to cross-examine Brown regarding her prior false statement to the police. Brown was the key prosecution witness because she was the only witness to the shooting other than Williams. Thus, her credibility was a crucial issue. In Stradtman v. State, 334 So.2d 100, 101 (Fla. *27 3d DCA 1976), approved, 346 So.2d 67 (Fla. 1977), the Third District Court of Appeal held:
[I]t is a well recognized rule that limiting the scope of cross-examination in a manner which keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony constitutes error, especially where the cross-examination is directed to the key prosecution witness.
Accord, Morrell v. State, 335 So.2d 836 (Fla. 1st DCA 1976). We agree and hold that it was error for the court to refuse to permit defense counsel to impeach Brown's credibility by showing that she had lied to the police on a prior occasion. This right is particularly important in a capital case such as this[1] where a defendant's right to cross-examine witnesses is carefully guarded, and limiting cross-examination on any matter plausibly relevant to the defense may constitute reversible error. Coxwell v. State, 361 So.2d 148 (Fla. 1978).
We find Williams' other point to be without merit. Accordingly, we reverse the judgment and sentence and remand for a new trial.
RYDER and CAMPBELL, JJ., concur.
NOTES
[1] Williams was on trial for first degree murder although the jury convicted her of manslaughter.