432 So.2d 800 (1983)
Earl L. PENDER, Appellant,
v.
STATE of Florida, Appellee.
No. AK-373.
District Court of Appeal of Florida, First District.
June 15, 1983.
Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Pender appeals his conviction and sentence for battery upon a law enforcement officer. Appellant's first point alleges error in the trial court's denial of appellant's motion for discharge under the speedy trial rule. We find this contention without merit. We agree with appellant, however, on his second point that the trial court erred in refusing to allow a proffer during cross-examination of a State witness. Therefore, we reverse and remand.
*801 Appellant Pender, an inmate in Florida State Prison, was charged with battery upon William Muse, a law enforcement officer, stemming from an incident on July 22, 1981. At trial, Officer Muse testified that on July 22, 1981, he confiscated some oranges from appellant. Muse testified that appellant protested and disobeyed a verbal order to get back in line with other inmates. Muse decided to place appellant in a holding cell, but as the officer was unlocking the cell, he testified that appellant punched him in the mouth. On cross-examination, defense counsel attempted to elicit from Officer Muse testimony concerning previous incidents between Muse and appellant, as well as testimony concerning whether appellant habitually mispronounced Muse's name. Counsel for the State repeatedly objected, on the ground of relevancy, to every question asked by defense counsel which went to the issues of prior incidents or the mispronunciation. The trial court sustained every State objection. Defense counsel repeatedly attempted to make a proffer but was not allowed to do so by the trial court.[1] After Muse's testimony was concluded, a discussion transpired between the trial judge and defense counsel in chambers. During this discussion the trial judge warned defense counsel not to continue to ask irrelevant questions, and again disallowed defense counsel's request to proffer testimony.[2] Appellant was found guilty, and this appeal ensued.
*802 Appellant argues that the excluded testimony is relevant to establish the bias or prejudice of the witness, Officer Muse, towards the defendant. Thus, the testimony would have impeached Muse's credibility. Appellee argues that defense counsel was not attempting to impeach Officer Muse's credibility but was attempting to set up a defense of self-defense to the battery charge. Which of these two views, if either, is correct cannot be determined on this record absent the proffer. The point here is that this court cannot know what the excluded testimony was intended to prove, or whether it would have been relevant to any material issue at trial, when the trial court refuses to allow counsel to make a proffer. As this court stated in Piccirrillo v. State, 329 So.2d 46 (Fla. 1st DCA 1976), "A trial court should not refuse to allow a proffer of testimony. This is necessary to ensure full and effective appellate review. Francis v. State, 308 So.2d 174 (Fla.App. 1st, 1975)." Id. at 47. See also Kembro v. State, 346 So.2d 1083 (Fla. 1st DCA 1977); Phillips v. State, 351 So.2d 738 (Fla. 3d DCA 1977), cert. denied, 361 So.2d 834 (Fla. 1978).
Appellee further suggests that any error in the trial court's disallowance of the proffer is harmless. The disallowance of the proffer, however, thwarted appellant's right of cross-examination, and the right to confront witnesses guaranteed by the sixth amendment and by Article I, Section 16, Florida Constitution is implicated. Therefore, for the error to be harmless it must be deemed harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Since this court has no way of knowing what the proffered testimony would have been, we cannot say that this error is harmless beyond a reasonable doubt. Therefore, the judgment and sentence are reversed, and this cause is remanded for proceedings not inconsistent with this opinion.
ROBERT P. SMITH, Jr., C.J., and WIGGINTON, J., concur.
NOTES
[1] The following is an excerpt from the trial record:

BY MR. REPLOGLE:
Q. In prior contacts that you've had with Mr. Pender during the nine months or so that you knew him up to this incident, have you had any problem with him?
MR. ELWELL: The State objects. Irrelevant and immaterial.
THE COURT: Sustained.
MR. REPLOGLE: Your Honor, I feel I need to proffer this testimony.
THE COURT: Well, I feel that you don't. He's charged with an event set forth in this information, not whether he had any previous problems with him before. It's totally irrelevant to the charges in this case.
BY MR. REPLOGLE:
Q. Officer Muse, are you aware of any speech problem that Mr. Pender has?
MR. ELWELL: The State objects. Irrelevant and immaterial.
THE COURT: Sustained.
BY MR. REPLOGLE:
Q. Officer Muse, does Mr. Pender call you Officer Moose?
MR. ELWELL: The State objects. Irrelevant and immaterial.
THE COURT: Sustained.
MR. REPLOGLE: Your Honor, to simplify matters, it would be better, I think, rather than going through question and objection and so forth to simply proffer this.
THE COURT: Go ahead and ask your question and then I'll rule if there's an objection.
MR. REPLOGLE: Okay. Yes, sir.
BY MR. REPLOGLE:
Q. Officer Muse, in discussion with Mr. Pender have you ever tried to correct his pronunciation of your name?
MR. ELWELL: Objection. Irrelevant and immaterial.
THE COURT: Sustained.
BY MR. REPLOGLE:
Q. Officer Muse, has Mr. Pender's pronunciation of your name ever changed:
MR. ELWELL: Same objection.
THE COURT: Sustained.
Counselor, I suggest you get on to something else.
MR. REPLOGLE: Your Honor, I need to proffer this. ..
THE COURT: You need to do just what I told you to do. That line of questioning is irrelevant and immaterial regarding any problems that they had in the past.
MR. REPLOGLE: Your Honor, I appreciate the Court's ruling, but I need to make a proffer for the record.
THE COURT: Mr. Replogle, try your case and get on to something else.
[2] The following colloquy occurred in chambers:

MR. REPLOGLE: Your Honor, if I could, for the record, what I would like to point out is that I intend not to ask this question of any of the other, what I suspect will be, the State's witnesses, because I don't think they even know about it, anyway. However, when Mr. Pender  if Mr. Pender takes the stand  I would ask leave of Court to proffer that line of testimony.
THE COURT: As to problems they had in the past?
MR. REPLOGLE: About the name calling.
THE COURT: That is irrelevant and will not be allowed.
MR. REPLOGLE: I understand. Could I proffer it?
THE COURT: No. You may not proffer it. There's no need to proffer something that has absolutely no bearing on this case. Now, that's my ruling and that's the end of it.
MR. REPLOGLE: I understand.
THE COURT: All right. Get out of here.
MR. REPLOGLE: Your Honor, may I say one...
THE COURT: Out.
MR. REPLOGLE: Okay. I can't say anything more?
THE COURT: You can't say anything more.
MR. REPLOGLE: I'm sorry. I don't mean to irritate the Court.
THE COURT: If you say one more word, I will personally hold you in contempt.
MR. REPLOGLE: Yes, sir.
THE COURT: Now, out.
You conduct yourself like a lawyer or you best find you another occupation and I'll suggest to Mr. Parlapiano that he see about arranging that.
MR. REPLOGLE: Yes, sir.