GERSTEN, Judge.
Appellant, G.A., a juvenile, appeals an adjudication of delinquency for battery on a law enforcement officer. We reverse and remand for a new adjudicatory hearing because the trial court committed reversible error in excluding the testimony of the juvenile’s mother, as a witness on his behalf.
At the hearing, the State’s sole witness, Officer Carlos Alfaro testified that he and other officers were conducting an investigation of stolen bicycles at a house in Miami. Officer Alfaro testified that he repeatedly told the juvenile to leave the scene because the juvenile was passing bicycles over the fence to a crowd that was in the street. According to Officer Alfaro, he and the other officers were in plain clothes at the time, but they did show their guns, badges, radios, and handcuffs. Officer Al-faro further stated that during the incident, the juvenile pushed him and used *1204 threatening words and actions. The juvenile was arrested for battery on a law enforcement officer.
The defense then presented the juvenile to testify on his own behalf. The juvenile testified that on the day of the incident he had gone to his grandmother’s house and found strangers there. He stated that he did not know at first that they were police officers, because the officers were in ordinary clothes. The juvenile claimed that Officer Alfaro grabbed him by his throat and that the juvenile’s mother, who had been summoned by his brother, came to separate them. According to the juvenile, Officer Alfaro pushed both the juvenile and his mother. The juvenile denied that he had threatened or pushed Officer Alfaro and denied having tried to pass bicycles over the fence.
At the conclusion of the juvenile’s testimony, the defense requested that the juvenile’s mother be permitted to testify. The trial court denied the request, stating that if the defense had hoped to call the mother as a witness, defense counsel should have seen to it that the mother was not present during the prior testimony. During closing argument the trial court also observed that because the mother had not been present during the entire incident, the mother’s testimony could have been of no use to the defense. The court subsequently adjudicated the juvenile delinquent.
The juvenile contends that the trial court committed reversible error in excluding the testimony of the mother because: (1) the mother’s testimony was highly relevant and material; and (2) the rule of sequestration was never invoked by either the State or defense. The State responds: (1) that the mother’s testimony was not shown to have been relevant or material because the mother arrived on the scene after the altercation arose between the juvenile and the officer; and (2) that the defense made no proffer regarding the relevancy and materiality of the testimony.
We do not agree with the State’s assertions. With respect to the proffer issue, based on our review of the record, we conclude that defense counsel did attempt to proffer the mother’s testimony, but defense counsel’s proffer was cut off by the trial court.
Ordinarily, the adversely affected party must make a proffer of excluded testimony. § 90.104(1), Fla.Stat. (1987); Reaves v. State, 531 So.2d 401 (Fla. 5th DCA 1988). A proffer of testimony is necessary for the appellate court to determine whether the testimony is relevant and material, Pender v. State, 432 So.2d 800 (Fla. 1st DCA 1983); Hawthorne v. State, 408 So.2d 801 (Fla. 1st DCA), review denied, 415 So.2d 1361 (Fla.1982); Phillips v. State, 351 So.2d 738 (Fla. 3d DCA 1977), cert. denied, 361 So.2d 834 (Fla.1978), and a trial court errs in refusing to allow such proffer of testimony, Pender v. State, 432 So.2d at 802; Hawthorne v. State, 408 So.2d at 804; see Phillips v. State, 351 So.2d at 740.
We are able, however, even in the absence of a proffer, to determine that the mother’s testimony was relevant and material to the case. Since this case involves a classic one-on-one controversy, the juvenile’s mother, allegedly having been a witness to and involved in the latter part of the altercation between the juvenile and the officer, could have testified as to whether the juvenile or the officer was the aggressor, and also could have corroborated either the juvenile’s or the officer’s testimony. Hence, her testimony as an eyewitness during any stage of the incident, would help clear the path for the trial court to determine just who was telling the truth.
Finally, we conclude that, to the extent the trial court based its decision on a sequestration rule violation, the exclusion of the testimony was improper because the sequestration rule was never invoked. Moreover, even assuming the rule of sequestration had been invoked, the trial court erred in failing to determine whether the proffered testimony was substantially affected by the testimony of the other witnesses or whether the violation was intentional or in bad faith. See Wright v. State, 473 So.2d 1277 (Fla.1985), cert. denied, 474 *1205 U.S. 1094, 106 S.Ct. 870, 88 L.Ed.2d 909 (1986).
Accordingly, the adjudication of delinquency is reversed and remanded.