PATTERSON, Judge.
The appellant challenges his judgment and sentence for attempted burglary. He argues that the trial court erred in denying his motion for a continuance and his request to proffer the anticipated testimony of Efraim Torres, a defense witness who did not appear pursuant to a subpoena. We reverse.
On the night of July 29, 1991, Gary Daughtry saw a person in his driveway with his hands on top of Daughtry’s Corvette looking into the car through the acrylic top. Another person was standing on the passenger side of the car door with his hands on the handle. The two ran when they saw Daughtry and his daughter. Daughtry chased them and caught Walter Lentz. When the police arrived, Lentz told the officers that the appellant was the person who was with him.
On September 11, 1991, the state charged the appellant, a sixteen-year-old child, with attempted burglary of a conveyance. On November 1, 1991, the appellant filed a motion stating that he agreed to waive his right to speedy trial in exchange for a continuance to give him an opportunity to locate Lentz. In the motion, the appellant proffered that Lentz would testify that the appellant was not the person who was with him when he committed the offense. The appellant also proffered the testimony of another defense witness, Joey *1168 Wright, who was to testify that it was he who was present when the offense was committed, not the appellant.
On January 7, 1992, the defense was prepared for trial with an alibi witness, Efriam Torres, but the judge was ill and did not hold court. On the morning of trial, February 4, 1992, defense counsel again requested a continuance to locate Torres, who had not responded to a subpoena which had been left on his doorstep. The witness, a child in foster care, had been moved since the earlier date and was not aware of the new trial date. When the trial court denied the motion for a continuance, defense counsel requested that she be allowed to proffer the testimony of the missing witness to preserve the issue for appeal. The court also denied the request for a proffer.
Although the appellant’s motion for a continuance proffered the testimony of two other defense witnesses, Lentz and Wright, it is unclear from the record what Torres’ testimony would have been. “A trial court should not refuse to allow a proffer of testimony. This is necessary to ensure full and effective appellate review.” Piccirrillo v. State, 329 So.2d 46, 47 (Fla 1st DCA 1976) (citing Francis v. State, 308 So.2d 174 (Fla. 1st 1975)). Since the state has not shown beyond ⅞ reasonable doubt whether the trial court’s disallowance of the proffer was harmless error, we reverse and remand to the trial court to permit the proffer. See Pender v. State, 432 So.2d 800 (Fla. 1st DCA 1983).
Reversed and remanded.
FRANK, A.C.J., and BLUE, J., concur.