654 So.2d 218 (1995)
Kevin Earl WOOD, Appellant,
v.
STATE of Florida, Appellee.
Nos. 94-198, 94-1052.
District Court of Appeal of Florida, First District.
April 21, 1995.
Nancy A. Daniels, Public Defender, Terry Carley, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Thomas Falkinburg, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
In these two appeals, which we have consolidated for the purpose of opinion, appellant, Kevin Earl Wood, challenges his convictions for two counts of unlawful interception of communications and the subsequent revocation of the probationary sentences imposed therefor. Because we conclude that the trial court erroneously precluded appellant from presenting his defense to the charges, we reverse and remand for new trial. Based on our disposition, we deem it unnecessary to address the sentencing issues.
*219 Appellant was charged by information with two counts of intercepting a telephone conversation in violation of section 934.03(1)(a), Florida Statutes (1991). One taping involved a conversation with appellant's former wife, Diane Woodward, and the second with Federal Bureau of Investigation Agent Joe Tierney. Appellant admitted during his trial testimony that he had taped the two communications and that he did not have the two persons' consent. As to recording the conversation between him and his ex-wife, appellant said his purpose was to prove that she had made false statements during his lawsuit against the federal government and during the divorce and custody proceedings in state court. When defense counsel asked appellant what these false statements were, the state objected on relevancy grounds and the court sustained the objection saying, "The purpose of committing a violation of the law is irrelevant."
It was the defendant's position that his intent was relevant, because the theory of his defense was that a person could tape another communication without permission if it was done in a good-faith belief that the law, state or federal, authorized it. In support of his theory, appellant proffered testimony disclosing that he had been unable to find legal representation in his federal lawsuit and his state divorce and custody case due to his inability to pay for same and the complexity of the matters involved. He recounted that his former wife had lied in her petition for an injunction in the divorce proceeding by alleging that he was an alcoholic, and that she had made a false report of child molestation involving him to the Department of Health and Rehabilitative Services.
The defense next attempted to show that as appellant had been unable to obtain legal assistance, he conducted his own research to ascertain whether he could legally record the telephone conversations in order to uncover wrongdoing. The court refused to allow the testimony and proffer, but did permit the defense to proffer, as exhibits, copies of the legal authorities upon which appellant had relied in forming his belief that he could legally tape the conversations. The proffer discloses that appellant had researched case law and spoken with many people, some of whom had worked on amendments to section 934.10(2)(b), Florida Statutes, from which his defense arose. He discovered that the Florida legislature had attempted to make its wire-tapping law more similar to the federal version through the amendments to the statute in 1989. The attorney whom he eventually obtained to represent him in the federal action agreed with his interpretation of the Florida wire-tapping law, which was that if a federal law permitted the activity in question, the state law did so also. The court, however, refused to allow any of the testimony gleaned from the proffer once it learned that the defense did not plan to call the attorney who had allegedly so advised appellant. Defense counsel argued the evidence was not hearsay because it was not being offered to prove the truth of the matter asserted, but to show the defendant's good-faith belief in intercepting the two communications. The court disagreed.
Following the proffer, appellant testified before the jury that he had taped a telephone conversation between him and Agent Tierney in order to show that Tierney had lied to a Panama City police officer. Thereafter the defense rested.
Appellant requested and submitted a jury charge, based on section 934.10(2)(b), instructing that a defense existed as a result of a good-faith determination that federal or Florida law permitted the conduct. The court declined to give the request. The jury subsequently returned a guilty verdict on each of the two counts, and appellant was sentenced to concurrent one year probationary terms.
Appellant was charged with violating section 934.03(1)(a), Florida Statutes (1991), which provides:
(1) Except as otherwise specifically provided in this chapter, any person who:
(a) Intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication[]
* * * * * *
shall be punished as provided in subsection (4).
*220 Section 934.03(4) provides that except in cases dealing with certain radio communications, such offense is a third degree felony.
Appellant attempted to raise a defense under section 934.10(2)(b), Florida Statutes (1991), which states:
(2) A good faith reliance on:
(a) A court order, subpoena, or legislative authorization as provided in ss. 934.03-934.09, or
(b) A good faith determination that federal or Florida law permitted the conduct complained of
* * * * * *
shall constitute a complete defense to any civil or criminal, or administrative action arising out of such conduct under the laws of this state.
Title XVIII of the United States Code section 2511(2)(d) provides as follows:
It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.
(Emphasis added.)
Neither party has revealed any cases interpreting the defense provided in section 934.10(2)(b). Although the appellee has argued that the defense provided in this statute does not exist, we cannot agree. The plain language of the statute states that a good-faith reliance on a good-faith determination that federal or Florida law permits the conduct complained of shall constitute a complete defense to any criminal action arising out of the conduct. Because appellant's proffered testimony was relevant to this defense, the trial court abused its discretion by disallowing same. The error cannot be considered harmless as it went directly to appellant's only defense; therefore, the case must be reversed and remanded for new trial.
In so saying, we note that the state has argued that Florida has greater privacy protection than the federal government provides. This is true. See section 934.03(2)(d), requiring that all parties to a communication consent to the interception, unlike 18 U.S.C. § 2511(2)(d), permitting the consent of only one of the parties to the interception, under the circumstances there provided. After Florida's Security of Communications Act was amended in 1974 to require the consent of all parties, the legislature further amended chapter 934 in 1986 to create the defense provided in section 934.10(2)(b). The utilization of this defense does not emasculate Florida's higher level of privacy in that a defendant who seeks to use the defense must still show a good-faith reliance on a good-faith determination that the federal law permitted his or her conduct. Thus, this is not a situation, as the state argues, where federal law can preempt state law which affords a greater privacy protection; rather, the defendant would be required to prove the necessary elements of the defense before it would be applied to his or her case. Under such situations, we consider it would be a jury determination regarding whether the defendant acted in good-faith reliance on a good-faith determination.
We also agree with appellant's argument that the trial court erred in denying his proffer of testimony relevant to the defense and in refusing to instruct the jury on the defense. This is because a trial court commits error if it denies a request to proffer testimony which is reasonably related to the issues at trial, Jenkins v. State, 547 So.2d 1017, 1022 (Fla. 1st DCA 1989), and because a criminal defendant is entitled to have the jury instructed on his or her theory of defense so long as there is evidence to support it, Hooper v. State, 476 So.2d 1253, 1256 (Fla. 1985), cert. denied, 475 U.S. 1098, 106 S.Ct. 1501, 89 L.Ed.2d 901 (1986).
Having concluded that appellant's convictions were error, it follows that the probationary terms which were imposed therefor must similarly be reversed. Reversal of those sentences moots any issue regarding their subsequent revocation.
*221 REVERSED and REMANDED for new trial.
JOANOS and WOLF, JJ., concur.