710 So.2d 669 (1998)
Anthony CLIBURN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03744.
District Court of Appeal of Florida, Second District.
April 24, 1998.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
A jury convicted Anthony Cliburn of burgling his former girlfriend's apartment and of violating a domestic violence injunction she had obtained against him. Cliburn challenges these convictions based on alleged evidentiary errors at his trial. We first note that Cliburn took the stand and admitted violating the domestic violence injunction. In the face of his testimony about this crime, the alleged errors were harmless. Accordingly, we affirm his conviction on that charge.
The evidence about the burglary charge was in conflict, and boiled down to a credibility contest between Cliburn and the victim. She testified that he broke into her apartment before she arrived home; he claimed that he waited outside her apartment until she returned home and invited him in. In this regard we hold that the circuit court *670 erred when it limited testimony about the victim that could have cast doubt on her credibility and revealed a motive for her to testify untruthfully. We reverse the burglary conviction and remand for a new trial on that charge.
Before Cliburn's trial, the court granted the State's motion in limine to exclude evidence that the victim had met with Cliburn following his arrest and release on bond, and that she had previously filed a false kidnapping charge against another boyfriend. During cross-examination of the victim at trial, Cliburn's counsel proffered the excluded testimony. Under questioning outside the jury's presence, the victim admitted that in 1987 she told the Jacksonville police that her live-in companion had put a gun in her mouth. She later made a written statement confessing that what she had told the police was not true. As a result, she had been jailed for filing a false police report. The victim also conceded that she had met Cliburn several times after his release on bond, and had sexual relations with him. She denied telling Cliburn that she could not tell the truth in this case because of the problems she encountered after filing the false report in 1987.
The defense also proffered Cliburn's testimony on this subject. He stated that he met with the victim two times after he was released on bond. During the first encounter, she agreed to contact his attorney and resolve the pending charges. But at the second meeting, the victim said that she could not tell the truth about Cliburn because she had previously filed a false police report.
The victim was the prosecution's key witness on the burglary charge. In fact, she was the State's only witness to the events constituting the charged crime. As we noted in Williams v. State, 386 So.2d 25, 26 (Fla. 2d DCA 1980), the credibility of such a witness is a crucial issue. In that case, we held that the trial court erred when it refused to allow defense counsel to impeach the State's key witness by showing that she had made a false statement to police on a previous occasion. Id. at 26-27. Moreover, in Jaggers v. State, 536 So.2d 321, 327 (Fla. 2d DCA 1988), where the witness previously had made a false allegation of sexual abuse, we noted that evidence relevant to a prosecuting witness's possible bias or corruptness is admissible. When assessing a key witness's credibility, the jury must know about any improper motives. Id.
The reasoning in Williams and Jaggers requires reversal of the burglary conviction in this case. We remand for a new trial on that count. The proffered testimony concerning the false police report is admissible on retrial. We note that the court properly excluded testimony about the sexual contact between Cliburn and the victim during Cliburn's pretrial release on bond. That evidence was irrelevant to the charged crimes. We also affirm, without discussion, Cliburn's other point on appeal, which challenged the victim's testimony about previous threats he made to her.
Affirmed in part, reversed in part and remanded for a new trial on the charge of burglary of an occupied dwelling.
CAMPBELL, A.C.J., and FRANK, J., concur.