862 So.2d 60 (2003)
Danny L. REEVES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-3505.
District Court of Appeal of Florida, First District.
October 22, 2003.
Rehearing Denied January 5, 2004.
Gary Lee Printy, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Bryan Jordan, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
POLSTON, J.
Appellant Danny L. Reeves appeals his conviction of one count of simple battery (a lesser-included offense to the charged offense of sexual battery on a child less than twelve years of age by a person eighteen years of age or older), one count of showing obscene material to a minor, and one count of lewd or lascivious conduct. Appellant argues that the trial court erred by admitting into evidence the child victim's videotaped interview by a member of the child protection team. We reject this argument without further comment. Appellant also argues that the trial court improperly limited his cross-examination of the victim by granting the State's motions in limine. Appellant sought to cross-examine *61 the victim (i) regarding alleged false prior accusations of sexual misconduct that she had made against her father, and (ii) to attack the victim's credibility by her statement that she saw Jesus. We affirm the trial court's evidentiary rulings.

I. Prior False Accusations
Generally, other than evidence of prior convictions under section 90.610(1), Florida Statutes, credibility may not be attacked by proof that the witness has committed specific acts of misconduct which bear on the truthfulness of the witness. See Fernandez v. State, 730 So.2d 277, 282 (Fla.1999); Baker v. State, 804 So.2d 564, 567 (Fla. 1st DCA 2002); Charles W. Ehrhardt, Florida Evidence § 610.8 at 540-41 (2003 ed.).
However, appellant argues that an exception applies because the victim previously falsely accused her father of sexual misconduct, citing Cliburn v. State, 710 So.2d 669 (Fla. 2d DCA 1998) and Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988). In Cliburn and Jaggers, the victims admitted that they had previously made false statements. 710 So.2d at 670, 536 So.2d at 327. In this case, the victim has not recanted her statements, so the exception recognized by the Second District Court of Appeal is not applicable. Therefore, we do not address whether such an exception is appropriate. See Charles W. Ehrhardt, Florida Evidence § 610.8 at 541 (2003 ed.)("Occasionally decisions ignore the limitation and permit impeachment with prior acts of misconduct of a witness when they involve prior false accusations of a crime by a witness," citing Cliburn and Jaggers).

II. Seeing Jesus
The appellant sought to cross-examine the victim about her statements in a deposition that when she told her mother what had happened to her, she saw Jesus standing in the room, demons were cast out of her, and she rolled on the floor and "spit out the evil that Uncle Dan [the appellant] put in me." The appellant argued at trial that the trial court should allow this testimony because it demonstrated that the victim did not have the ability to perceive the difference between fantasy and reality.[1] The trial court did not abuse its discretion by refusing to allow the cross-examination, pursuant to section 90.611, Florida Statutes.
Section 90.611 states that "[e]vidence of the beliefs or opinions of a witness on matters of religion is inadmissible to show that the witness's credibility is impaired or enhanced thereby." The appellant's stated purpose in introducing this testimony was so the jury would find the victim's experiences and practices so unusual that it would consider them "fantasy," thereby impairing the victim's credibility. Even though appellant considered seeing Jesus to be so unconventional or unusual so as to be "fantasy," section 90.611 does not permit evidence to be admitted that discloses the witness's practice of "unconventional or unusual religion." See Charles W. Ehrhardt, Florida Evidence § 611.1 at 543 (2003 ed.)(citing United States v. Sampol, 636 F.2d 621, 666 (D.C.Cir.1980)(ruling that "[t]he fact that [the witness] professed adherence to a religion which is not commonly shared does not prevent the application of the rule")); see also United States v. Kalaydjian, 784 F.2d 53, 56 (2d Cir.1986)(rejecting attempt to distinguish between cross-examining a witness regarding his religious beliefs and cross-examining him regarding conduct that is significant *62 because of the witness's religious beliefs).[2]
Therefore, we conclude that the trial court did not err by granting the State's motions in limine.
AFFIRMED.
BOOTH and WEBSTER, JJ., concur.
NOTES
[1] On appeal, appellant argues that the trial court erred by refusing to allow the statement that the victim saw Jesus standing in the room, but does not raise the exclusion of the other statements as error.
[2] Federal Rule of Evidence 610 is virtually the same as section 90.611. Therefore, federal decisions construing Rule 610 are persuasive. See Hall v. Oakley, 409 So.2d 93, 97 (Fla.1st DCA 1982).