928 So.2d 473 (2006)
STATE of Florida, Petitioner,
v.
Ricky TAYLOR, Respondent.
No. 1D05-2394.
District Court of Appeal of Florida, First District.
May 4, 2006.
*474 Charlie Crist, Jr., Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Petitioner.
Bill White, Public Defender, and Ward L. Metzger, Assistant Public Defender, Jacksonville, for Respondent.
KAHN, C.J.
The State has filed a petition for writ of certiorari seeking review of an order by the trial court denying the State's motion in limine. Because we cannot say that the trial court's ruling departed from the essential requirements of law, we deny the petition.

BACKGROUND
Respondent, Ricky Taylor, was charged with two counts of sexual battery by a person 18 years of age or older upon a person less than 12 years old and one count of lewd or lascivious molestation of a child less than 12 years old. Taylor deposed the victim, E.V., then thirteen years old. The State subsequently filed a motion in limine seeking to prohibit Taylor from presenting "any and all argument, testimony or evidence regarding prior sexual allegations made by the victim" against her biological father. In the motion, the State indicated that it believed, "at the trial, the Defendant will attempt to introduce evidence, make reference to, argue, or otherwise suggest that the victim, [E.V.], has made prior sexual allegations against her biological father." The State asserted that the prejudicial effect of such evidence outweighs its probative value. The State further asserted, "It is contrary to the rules and laws governing the Courts of the State of Florida to permit such evidence or inference, and would be highly prejudicial to the State in the minds of the jury because the charges against the victim's biological father . . . were not filed by the State Attorney's Office," so "the jury may infer that the victim, [E.V.], either recanted from her allegations against [her biological father], or that [her biological father] was falsely accused."
A hearing took place on this motion and E.V. testified at this hearing. At the conclusion of the hearing, the court ruled:

*475 [A]fter having the child testify here in court the Court is satisfied that the that under theunder my understanding of the definitions to recant as provided by the state in their case of the Department of Health and Rehabilitative Services versus MB which was cited at 701 So.2d 1155 which was a Florida Supreme Court case, I believe, theto recant is to withdraw or repudiate formally or publically, and we have the real time system here and the child's words were to the Court that theI can go back and get them exactly. That's the best way to do this.
The child at least in two places during today's hearing said that something along the lines that sheshe thought she might have told somebody that it didn't happen, meaning that thethat the allegations against her biological father didn't happen but she didn't remember who she had told, and based on that testimony the Court finds that thethat that would be sufficient to bring that information before thebefore the jury. Therefore, I am denying the state'sentitled state's first Motion in Limine.
Is there anything else that either side wants in the record for your appeal?
MS. AGENT [Assistant State Attorney]: Your Honor, we would just note for the record based on the status of this case in that our evidence would rely almost entirely upon the credibility of the child in this case, [E.V.], which is the child that's in issue in the state's motion in limine one, we would find that the Court's ruling devastating to our ability to prosecute the case at this time and seriously curtail our ability to prosecute the case and that's why we would seek an appeal the Court's order.
The court subsequently rendered a written order denying the State's motion in limine "as to recantation."

ANALYSIS
As the State argues, the trial judge may have erred in finding a recantation had occurred. E.V. did not testify that her father did not abuse her, only that she might have told someone that he did not; she consistently maintained that the abuse had occurred. See Dep't of HRS v. M.B., 701 So.2d 1155, 1163 (Fla.1997) ("To recant is `[t]o withdraw or repudiate formally and publicly.' Significantly, D.W. did not testify that her stepfather did not abuse her, only that `someone' had sexually assaulted her. She did not deny her previous statements. Therefore, her trial testimony certainly did not exonerate her stepfather. . . ." (citations omitted)).
Assuming, for the sake of argument, that the trial judge erred in this regard, such error does not rise to the level to warrant certiorari review. See State v. Pettis, 520 So.2d 250, 253-54 (Fla.1988) ("We agree that the trial judge below erred in permitting the police officer to be questioned concerning unrelated reprimands. However, we cannot say that the ruling was a departure from the essential requirements of law." (citations omitted)); State v. Sowers, 763 So.2d 394, 399 (Fla. 1st DCA 2000) ("To be entitled to certiorari relief, the State must demonstrate that the trial court's order amounts to a violation of a clearly established principle of law, resulting in a miscarriage of justice."); State v. Keel, 557 So.2d 907, 907-08 (Fla. 1st DCA 1990) (citing Pettis and concluding that State had not carried its burden "to demonstrate that the lower court's ruling constituted a departure from the essential requirements of law"). "While some pretrial evidentiary rulings may qualify for certiorari, it must be remembered that the extraordinary writ is reserved *476 for those situations where `there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.'" Pettis, 520 So.2d at 254 (quoting Combs v. State, 436 So.2d 93, 96 (Fla.1983).).
The State sought exclusion of this evidence on the basis that its prejudicial effect outweighed its probative value. Such determinations are left to the discretion of the trial judge in the absence of clear legal error. See, e.g., Stephens v. State, 787 So.2d 747, 759 (Fla.2001) ("Under section 90.403, Florida Statutes (1997), relevant testimony may be excluded if the probative value of the evidence is substantially outweighed by the likelihood of unfair prejudice. However, the trial court should be given wide discretion in determining whether the evidence is unduly prejudicial."); Mansfield v. State, 758 So.2d 636, 648 (Fla.2000) ("We review a trial court's ruling on a section 90.403 objection on an abuse of discretion standard. In making its determination the trial court must weigh the danger of unfair prejudice against the probative value, and in doing so proper considerations include `the need for the evidence; the tendency of the evidence to suggest an improper basis to the jury for resolving the matter, e.g., an emotional basis; the chain of inference necessary to establish the material fact; and the effectiveness of a limiting instruction.'" (citations omitted)); Sims v. Brown, 574 So.2d 131, 133 (Fla.1991) ("The weighing of relevance versus prejudice or confusion is best performed by the trial judge who is present and best able to compare the two.").
No clear legal error has occurred here, particularly where there is no context in which to view the testimony as no trial has yet taken place. Cf. Reeves v. State, 862 So.2d 60, 61 (Fla. 1st DCA 2003) (affirming conviction and finding trial court did not err in granting State's motion in limine which prevented appellant from cross-examining victim regarding alleged prior false accusations of sexual misconduct she had made against her father). Indeed, the fact that no trial has yet taken place distinguishes this case from those cited by the State, all of which involve direct appeals by a defendant following a conviction. See Reeves, 862 So.2d at 60; Cliburn v. State, 710 So.2d 669 (Fla. 2d DCA 1998); Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988). These cases also involve admittedly false prior accusations by victims and/or witnesses, another factor that differs from this case.
The State argues that this court's decision in Reeves is controlling here. We do not believe, however, that a case finding an evidentiary error on direct appeal following a conviction must necessarily control review, by our certiorari jurisdiction, of an order on a motion in limine. In Reeves, the trial court had granted the State's motion in limine and disallowed cross-examination of the child victim "regarding alleged false prior accusations of sexual misconduct that she had made against her father." Id. at 61. This court affirmed the trial court's ruling because the victim had not recanted her statements and, thus, the court found inapplicable the exceptions recognized by the Second DCA in cases such as Cliburn and Jaggers. Id. The court specifically declined to address "whether such an exception is appropriate." Id. Reeves is an affirmance of a trial court's discretionary ruling to exclude evidence, a decision reviewed here, of course, under the abuse of discretion standard. Such standard can scarcely be compared to the rigid certiorari test. That the Reeves court specifically declined to address the Second DCA's exception for "prior false accusations" does not mean that such testimony is never admissible.
*477 Finally, even if a recantation did not occur, the judge could arguably still have decided to allow the testimony at issue as relevant to the witness's credibility, bias, motive, or interest. See Jaggers, 536 So.2d at 327 ("Evidence that is relevant to the possible bias, prejudice, motive, intent or corruptness of a witness is nearly always not only admissible, but necessary, where the jury must know of any improper motives of a prosecuting witness in determining that witness' credibility. That is particularly true in the case of allegations of sexual abuse where there is no independent evidence of the abuse and the defendant's sole defense is either fabrication or mistake on the part of the alleged victims."). We emphasize that our denial of certiorari is not a decision on the merits.
DENIED.
LEWIS and POLSTON, JJ., concur.