953 So.2d 40 (2007)
Vincent ROEBUCK, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-2882.
District Court of Appeal of Florida, First District.
March 30, 2007.
*41 Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Giselle Lylen Rivera and Betty J. Cheramie, Assistant Attorneys General, Tallahassee, for Appellee.
WOLF, J.
Following a jury trial, appellant, Vincent Roebuck, was convicted of lewd and lascivious battery with a person 12 years of age or older but less than 16 years of age. Appellant raises five issues on appeal. We affirm as to all issues. However, in affirming as to appellant's first issue, we certify conflict with Cliburn v. State, 710 So.2d 669 (Fla. 2d DCA 1998), and Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988), to the extent these cases create a false reporting exception to section 90.610, Florida Statutes (2005).
At appellant's trial, the victim, A.B., testified that appellant, a friend of the family, stopped by her home one afternoon while she was alone and forced her to engage in sexual intercourse. Appellant attempted unsuccessfully to impeach A.B. regarding a prior incident of false reporting.
In proffer, A.B. acknowledged that she had previously falsely accused her brother of physical abuse several years prior to the instant case. A.B. explained that she had fallen asleep on a couch while ironing and hit the cord, causing the iron to fall on her face. She stated that she was questioned regarding the incident by school officials, and that, when she responded to these questions with the truth, no one believed her story. A.B. further testified that, after three hours of continued questioning, she lied to school officials and told them that her brother had burned her face with the iron. She explained that her brother spent six months in a juvenile detention facility as a result of this report. Following the proffer, the trial court ruled to exclude the evidence as irrelevant and improper impeachment evidence.
In his first issue, appellant asserts the trial court erred in preventing him from introducing evidence that A.B. had previously falsely accused her brother of physical abuse. Section 90.610, Florida *42 Statutes, provides that a party may attack the credibility of any witness through the presentation of evidence establishing that a witness has been (1) convicted of a crime punishable in excess of one year's imprisonment, or (2) convicted of a crime of dishonesty or false statement. Thus, as a general rule, credibility may not be attacked by proof that a witness committed specific acts of misconduct which did not end in a criminal conviction. See Jackson v. State, 545 So.2d 260, 264 (Fla.1989).
However, the Second District has recognized an exception to section 90.610 where a witness has previously falsely reported an incident to authorities even though the witness has never been convicted of the false report. The exception was first noted in Jaggers, 536 So.2d at 321. But see Williams v. State, 386 So.2d 25, 26 (Fla. 2d DCA 1980) (reversing based on trial court's failure to allow evidence of a prior false report where credibility of the witness was crucial to the defense, without expressly acknowledging that such a ruling was based on an exception to section 90.610).
In Jaggers, the defendant sought to elicit testimony regarding an alleged victim's previous incident of false reporting in which the child accused her father of sexual abuse and later recanted that statement. In Jaggers, the Second District wrote:
From the state's argument at trial in support of its objection to that cross-examination testimony, it appears that the state concedes that the witness did make such a charge against her father and then admit to its falsity. The trial court sustained the state's objection and refused to allow the attempted impeachment of that critical witness by the proffered testimony. That restriction on cross-examination was both erroneous and highly prejudicial. The state succeeded in persuading the trial court to restrict appellant's cross-examination on the basis of the very broad general principle of law that the credibility of a witness may not be impeached by proof that the witness has committed specific acts of misconduct. . . . However, for every broad general principle of law, there seems to be an exception applicable to particular circumstances. Section 90.405(2), Florida Statutes (1985) allows proof of specific incidents of conduct where that evidence is offered to prove a particular trait of character. In this case, that trait of character was that the witness may be inclined to lie about sexual incidents and charge people with those acts without justification.
. . . Evidence that is relevant to the possible bias, prejudice, motive, intent or corruptness of a witness is nearly always not only admissible, but necessary, where the jury must know of any improper motives of a prosecuting witness in determining that witness' credibility.
Jaggers, 536 So.2d at 327 (emphasis added) (citations omitted). The Second District next addressed the exception in Cliburn, 710 So.2d at 670. In Cliburn, the court wrote:
[I]n Jaggers v. State, 536 So.2d 321, 327 (Fla. 2d DCA 1988), where the witness previously had made a false allegation of sexual abuse, we noted that evidence relevant to a prosecuting witness's possible bias or corruptness is admissible. When assessing a key witness's credibility, the jury must know about any improper motives. Id.

This court has never expressly adopted the Second District's precedent in this regard. See Baker v. State, 804 So.2d 564 (Fla. 1st DCA 2002) (acknowledging the Second District's exception while declining to expressly adopt the exception where any error would have been harmless in light of defendant's confession); Reeves v. *43 State, 862 So.2d 60 (Fla. 1st DCA 2003) (declining to rule on applicability of the Second District's false reporting exception because the witness in question had not admitted that her previous accusation was false); State v. Taylor, 928 So.2d 473 (Fla. 1st DCA 2006) (again declining to rule on the Second District's false reporting exception where certiorari review did not require the same standard of review as the direct appeal of a conviction). However, for the following reasons, we respectfully decline to adopt the exception and certify conflict with the line of cases adopting a false reporting exception to section 90.610, Florida Statutes.
First, the Legislature adopted the express wording of section 90.610, Florida Statutes, in an effort to bar all character impeachment based on prior misconduct that did not involve a criminal conviction. The plain language of section 90.610, Florida Statutes, authorizes impeachment with only prior convictions; there is no exception written into or considered by the statute. When a statute is clear on its face, the plain meaning must control. See Fla. Farm Bureau Cas. Ins. Co. v. Cox, 943 So.2d 823 (Fla. 1st DCA 2006) (stating that when a statute is not ambiguous on its face, the plain meaning should control). Although Federal Rule of Evidence 608(b) specifically allows character impeachment through prior misconduct without a criminal conviction requirement, the Florida Legislature chose to adopt our evidence code without this language. See In Re Holder, 945 So.2d 1130, 1133 (Fla. 2006) (quoting State v. Mozo, 655 So.2d 1115, 1117 (Fla.1995), for the proposition that courts should endeavor to implement the legislative intent of statutes). Professor Charles Ehrhardt, an acknowledged expert on Florida evidence, states:
Occasionally decisions ignore the limitation and permit impeachment with prior acts of misconduct of a witness when they involve prior false accusations of a crime by the witness.
. . . .
The drafters of the Code specifically intended not to adopt provision similar to Federal Rule 608(b) because it did not reflect the existing Florida law and because they felt the possibility for abuse of this type of evidence was great.
C. Ehrhardt, Florida Evidence § 610.8 (2006 Edition). The statute as written properly implements legislative intent, and it is not for this court to add unwritten provisions to the statute where the statute is clear on its face.
Second, in Jaggers and Cliburn, the Second District provided for an exception from the statute without articulating a specific legal reason for its creation. These cases highlight the existence of other statutory provisions that would allow the evidence notwithstanding section 90.610's prior conviction requirements as support for the exception's creation. Specifically, the cases justify the use of the false reporting evidence (1) to establish bias or motive pursuant to section 90.608(2) Florida Statutes; or (2) when character or a trait of character of a person is an essential element of a charge, claim, or defense pursuant to section 90.405(2), Florida Statutes. However, neither of these provisions would apply in the instant case. In this case, the previous false accusation involved A.B.'s brother, not appellant; the false report concerned a dissimilar crime and the proffered evidence did not establish a motive on A.B.'s part to lie about the charged offense.
The evidence also could not be admitted based on the witness's character because A.B.'s character was not an essential element of the defense or charge. Cases in which character is actually at issue are "relatively rare" and do not impede on the *44 traditional rule that specific incidents of misconduct are generally not admissible to prove character. See Dragovich v. State, 492 So.2d 350 (Fla.1986).[1] Were this court to expand the narrow application of section 90.405(2)'s character at issue provision to all cases in which the veracity of a witness is pertinent to the proceedings, section 90.610's confinement of impeachment evidence to only prior convictions would be rendered meaningless.
We are not unmindful that, based on the facts of a particular case, due process may require germane cross-examination of a witness regarding a prior incident of false reporting. See Coco v. State, 62 So.2d 892 (Fla.1953) (holding that the right of cross-examination derives from both due process concerns as well as the Sixth Amendment, and a defendant's right to a full and fair cross-examination is absolute). However, in the instant case, the facts as presented at trial do not support the finding of a due process violation. In Florida, section 90.403, Florida Statutes (2004), authorizes the exclusion of otherwise relevant evidence where the evidence's prejudice outweighs its probative value. Such a balancing test is authorized and does not violate due process. Id. In the instant case, the prior incident of false reporting did not involve appellant and was not made concerning allegations of sexual abuse. As such, the evidence lacked the necessary relevance needed to amount to a due process violation. See § 90.403, Fla. Stat.; Lewis v. State, 591 So.2d 922, 925 (Fla. 1991) (quoting Olden v. Kentucky, 488 U.S. 227, 231, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988), for the proposition that the trial court may limit examination of a witness "to take account of such factors as `harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that [would be] repetitive or only marginally relevant.").
For these reasons, this court affirms appellant's conviction. In doing so, we certify conflict with Cliburn and Jaggers to the extent they create a false reporting exception to section 90.610, Florida Statutes.
AFFIRMED.
VAN NORTWICK and LEWIS, JJ., concur.
NOTES
[1] Some examples of when character might be at issue include: (1) when a civil litigant is sued for negligence in driving a vehicle and opposing counsel seeks to admit evidence of a prior incident of negligent driving; or (2) when a defamation suit hinges on the truthfulness of the accusing parties statements. C. Ehrhardt, Florida Evidence § 405.3 (2006 Edition).