976 So.2d 1218 (2008)
Robert Philip FEHRINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2666.
District Court of Appeal of Florida, Fourth District.
March 26, 2008.
*1219 Carey Haughwout, Public Defender, Dea Abramschmitt, Assistant Public Defender, and Natalie K. Stevens, Certified Legal Intern, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
The defendant appeals his criminal conviction and sentence for lewd or lascivious conduct committed on a victim less than 16 years old by an offender 18 years old or older. The defendant's principal point on appeal is that the trial court erred by prohibiting defense counsel from proffering the minor victim's testimony regarding a prior accusation of sexual assault she made against another man. We agree that the failure to permit the proffer was reversible error, requiring a new trial.
H.S. was born on December 19, 1992. She was in the 7th grade at the time of the incident that led to these charges against the defendant. The defendant was 37 years old and a close friend of H.S.'s father. In May 2006 she was in the car alone with the defendant when he picked her up from the bus stop. She testified that the defendant stopped the car and unbuttoned her pants and "started messing with me." She testified that he placed his right hand beneath her underwear and touched her pubic hair area. This lasted only about a second, because H.S. was pushing him away and telling him to stop. The defendant then took her home.
In a taped controlled phone call, the defendant admitted to touching H.S.'s "stomach area." In his taped police interrogation, the defendant admitted touching H.S. on her left hipbone and said that he did this because they were discussing his giving her a tattoo there. He denied touching her pubic area. In his taped statement, the defendant also claimed that H.S. had made accusations against a guy *1220 named Lyle and that her dad had run Lyle off.
The defendant was charged by amended information with lewd or lascivious molestation  offender 18 or older, victim 12 to 16 and lewd or lascivious conduct  offender 18 or older.
During H.S.'s cross-examination at trial, the following occurred:
Q: Now you've told that someone else has touched you before, right?
A: Yeah.
Q: (INDISCERNABLE)
MR. WELLS: Objection, Your Honor, relevance. May we approach?
COURT: You may?
MR. WELLS: This is beyond the scope of cross examination and it's also not relevant um, at this time.
Defense counsel argued that her question was relevant to show the witness's possible bias, prejudice, motive, intent, and accuracy. She advised the court that during the defendant's controlled phone conversation and H.S.'s statement at her deposition, there was some mention of similar accusations H.S. had made against another person. During a lengthy bench conference that followed (much of which was indiscernible to the court reporter), defense counsel submitted case law to the court on the relevance of prior similar allegations by a witness. She asked to proffer testimony of H.S. on this line of questioning outside the presence of the jury. Concerned that defense counsel had no evidence or reasonable basis to believe that H.S.'s previous allegations were false (other than the fact that the alleged offender had apparently not been charged with a crime), the trial court ultimately sustained the state's objection to a "fishing expedition" and refused to permit the proffer.
The defendant was found not guilty of lewd or lascivious molestation, but guilty of lewd or lascivious conduct, victim less than 16, defendant 18 or older (a lesser included offense).
The primary purpose of a proffer is to include the proposed evidence in the record so that the appellate court can determine whether the trial court's ruling was correct. Rozier v. State, 636 So.2d 1386, 1387 (Fla. 4th DCA 1994). A trial court commits error if it denies a request to proffer testimony which is reasonably related to the issues at trial. Wood v. State, 654 So.2d 218, 220 (Fla. 1st DCA 1995). This is so because refusing to permit the proffer precludes full and effective appellate review. Rozier, 636 So.2d at 1387; B.K.F. v. State, 614 So.2d 1167, 1168 (Fla. 2d DCA 1993); Pender v. State, 432 So.2d 800, 802 (Fla. 1st DCA 1983); Brown v. State, 431 So.2d 247, 248 (Fla. 1st DCA 1983). The disallowance of a proffer "thwarts a defendant's right to cross examine witnesses guaranteed by the sixth amendment and article I, section 16 of the Florida Constitution." Rozier, 636 So.2d at 1388; see also Pender, 432 So.2d at 802.
The state argued to the trial court that defense counsel should not be permitted to go on a "fishing expedition." This is not a recognized ground for denying a proffer, so long as it can be said that the proposed "fishing expedition" is reasonably related to the issues at trial. In Alford v. U.S., 282 U.S. 687, 692, 51 S.Ct. 218, 75 L.Ed. 624 (1931), the United States Supreme Court recognized that cross-examination is often, "necessarily exploratory" in nature:
It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what fact a reasonable cross-examination might develop. Prejudice ensues from denial of the opportunity to place the witness in his proper *1221 setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them. To say that prejudice can be established only by showing that the cross-examination, if pursued, would necessarily have brought out facts tending to discredit the testimony in chief, is to deny a substantial right and withdraw one of the safeguards essential to a fair trial.
282 U.S. at 692, 51 S.Ct. 218 (citations omitted). The defendant has the absolute right to conduct a full and fair cross-examination. This right is "especially necessary when the witness being cross-examined is the key witness on whose credibility the State's case relies." Docekal v. State, 929 So.2d 1139, 1142 (Fla. 5th DCA 2006) (quoting Tomengo v. State, 864 So.2d 525, 530 (Fla. 5th DCA 2004)). Cross-examination can be limited to prevent harassment, annoyance or humiliation of the witness. Alford, 282 U.S. at 694, 51 S.Ct. 218. The state has not argued that any such limitation applied to preclude the proffer here.
As the state points out, refusal to permit a proffer is subject to a harmless error analysis. See Brown, 431 So.2d at 248. The burden, however, is on the state to establish beyond a reasonable doubt that the error complained of did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Unless there is record evidence or argument of defense counsel revealing what the proposed proffer would have included, it is difficult, if not impossible, to say that the error was harmless. See Rozier, 636 So.2d at 1388 (Fla. 4th DCA 1994) ("Therefore, we cannot say that the exclusion of Murrell's testimony was harmless beyond a reasonable doubt when we do not know what the substance of her testimony would have been."); cf. Brown, 431 So.2d at 248 (holding that refusal of proffer was harmless where court was "able to determine from defense counsel's detailed argument and explanation of the evidence expected to be offered" the alleged relevance of the testimony). The circumstances surrounding the attempted proffer in this case are more similar to those in Rozier than in Brown and, thus, the error cannot be deemed harmless.
In this case, it appears that S.H. had not recanted her prior accusations. The state thus argues that the trial court's denial of defendant's request to make a proffer was harmless, citing Reeves v. State, 862 So.2d 60, 61 (Fla. 1st DCA 2003). In Reeves, the First District held that the trial court's exclusion of evidence that the victim had previously accused her father of sexual abuse was proper because the victim had not recanted her statements regarding this prior sexual abuse. Id. More recently, however, in State v. Taylor, 928 So.2d 473, 477 (Fla. 1st DCA 2006), the First District denied the state's certiorari petition which had sought to prevent the defense from presenting any evidence about the victim's prior sexual abuse allegations against her father. There, the court stated that "even if a recantation did not occur, the judge could arguably still have decided to allow the testimony at issue as relevant to the witness's credibility, bias, motive, or interest." Id. The court quoted Jaggers v. State, 536 So.2d 321, 327 (Fla. 2d DCA 1988) ("Evidence that is relevant to the possible bias, prejudice, motive, intent or corruptness of a witness is nearly always not only admissible, but necessary, where the jury must know of any improper motives of a prosecuting witness in determining that witness' credibility. That is particularly true in the case of allegations of sexual abuse where there is no independent evidence of the abuse and the defendant's sole defense is either fabrication or mistake on the part of the alleged victims.").
We agree that defense counsel should be allowed to inquire about a prior accusation *1222 of sexual assault, even where the victim has not previously recanted that allegation. It may be that the prior accusations will cast doubt on the current one by, for example, being remarkably similar in content, or made against a person similar to the defendant. Absent a specific proffer and without any context in which to view the admissibility of testimony in this case, we can offer only general guidance. It appears, however, that the trial court's refusal to permit cross-examination about the prior accusation could have resulted in an abuse of discretion. In any event, clear error has been shown by the trial court's refusal to permit even a proffer of that testimony so as to permit meaningful review.
We find no error in the trial court's denial of appellant's motion in limine regarding appellant's conduct in text messaging, tickling, and telling H.S. to "take it out in trade." These acts were not evidence of collateral crimes, subject to a section 90.404(2)(a) or (b) analysis, but were relevant evidence admissible as a part of, or inextricably intertwined with, the crime charged.
Reversed and Remanded for a new trial.
STONE and STEVENSON, JJ., concur.