982 So.2d 1285 (2008)
Philip Warren DUFFEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2971.
District Court of Appeal of Florida, Second District.
June 11, 2008.
*1286 ALTENBERND, Judge.
Philip Warren Duffey appeals an order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Mr. Duffey's motion raised claims numbered 1 through 13, many of which included subparts. We affirm without further comment the court's decision to summarily deny claims 1(b); 2; 3(b), (f), (h), (i); 5(b); 6(a), (b); 7(a), (c)-(j); 8(a), (c); 10; 11; 12; and 13.
In summarily denying the remainder of Mr. Duffey's motion, however, the circuit court concluded that the claims were conclusively refuted solely by the statement of facts contained in Mr. Duffey's initial brief in his direct appeal  not by the pleadings or the trial transcript. Although an appellate brief may sometimes be relied upon to refute postconviction claims to the extent the brief reveals whether such claims were raised or decided on appeal, the statement of facts in a brief cannot be relied upon as an accurate and complete reflection of the evidence that was presented at trial. For this and other reasons explained below, we reverse the summary denial of claims 1(a); 3(a), (c)-(e), (g); 4(a), (b); 5(a); 7(b); 8(b), (d)-(f); and 9 and remand for further proceedings consistent with this opinion.
Mr. Duffey's motion sought postconviction relief from his judgment and sentences for capital sexual battery, sexual activity with a child, and child neglect. Each charge involved Mr. Duffey's abuse of his daughter. In claim 1(a), Mr. Duffey claimed that he was initially arrested in 1995 based on allegations he had sexually abused his daughter when she was eleven, and therefore speedy trial on the capital sexual battery charge ran from that date and was unaffected by the State's failure to pursue the prosecution to conclusion at that time. See State v. Williams, 791 So.2d 1088, 1091 (Fla.2001) ("[T]he speedy *1287 trial time begins to run when an accused is taken into custody and continues to run when the State voluntarily terminates prosecution, before formal charges are filed."). In its response, the State argued that the 1995 arrest was for unrelated charges against two other victims and that Mr. Duffey was not arrested at that time for the allegations regarding his daughter. To support this assertion, the State attached a portion of an investigation report. The report reveals that Mr. Duffey was arrested in 1995 based upon allegations made by Mr. Duffey's two nieces that involved the nieces and Mr. Duffey's daughter. As to the daughter, the report states, "A determination was made from the facts presented that there was insufficient evidence to prosecute at this time." The report does not indicate, however, whether this determination was made before or after Mr. Duffey's arrest. Thus the report does not conclusively refute Mr. Duffey's assertion that he was arrested for capital sexual battery against his daughter in 1995 and that speedy trial ran from that date. We therefore reverse the summary denial of this claim.
In grounds 3(a), (c), (d), (e), (g); 4(a), (b); 5(a); and 8(b), Mr. Duffey alleged that his counsel was ineffective for failing to present certain evidence or call specific available witnesses who could have provided admissible testimony contradicting, impeaching, or otherwise calling into question the victim's testimony regarding the sexual abuse. These claims were facially sufficient and involved potentially admissible testimony and evidence, although some of the evidence may have been admissible only for purposes of impeachment and not as substantive evidence.[1] As stated above, the statement of facts in the initial brief in the direct appeal cannot conclusively refute these claims. We therefore reverse the summary denial of these claims.
In claims 7(b), 8(e), 8(f), and 9, Mr. Duffey alleged his counsel was ineffective for failing to seek to sever the charge of child neglect from the more serious charges of sexual battery and sexual activity with a child, thus permitting inflammatory and otherwise inadmissible evidence on the neglect charge to come into evidence and bear on the more serious charges, and for doing nothing to counter or restrict the use of that evidence as to the two more serious charges. These claims are also not conclusively refuted by the record and therefore we must reverse the summary denial of these grounds.
Finally, in ground 8(d), Mr. Duffey alleged his counsel was ineffective for failing to effectively cross-examine the State's medical expert at trial. Because there is no transcript of the expert's trial testimony, this claim is not conclusively refuted by the record and the summary denial of the claim must be reversed.
On remand, the court may be able to conclude that portions of the trial transcript or other record documents conclusively refute some or all of these claims. If so, the court may again summarily deny the claims, attaching those portions of the record. If one or more claims cannot be *1288 conclusively refuted, an evidentiary hearing may be necessary.
Affirmed in part, reversed in part, and remanded.
SILBERMAN and WALLACE, JJ., Concur.
NOTES
[1] The claims specifically related to counsel's failure to present evidence that the victim may have falsely accused others of similar sexual abuse are facially sufficient in light of this court's decision in Cliburn v. State, 710 So.2d 669 (Fla. 2d DCA 1998), which holds such evidence is admissible. We note, however, that the First District has recently certified conflict with Cliburn in Roebuck v. State, 953 So.2d 40 (Fla. 1st DCA 2007), and the Florida Supreme Court has now accepted review of that case. Roebuck v. State, 959 So.2d 717 (Fla.2007) (table decision).