854 So.2d 282 (2003)
Anthony KOVALESKI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-4288.
District Court of Appeal of Florida, Fourth District.
September 17, 2003.
*283 Anthony Kovaleski, Wewahitchka, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.

APPELLANT'S MOTION FOR REHEARING, REHEARING EN BANC, OR CLARIFICATION AND APPELLEE'S MOTION FOR REHEARING OR CERTIFICATION
PER CURIAM.
We deny appellant's Motion as to Rehearing and Rehearing En Banc. We deny appellee's Motion for Rehearing or Certification. We grant appellant's Motion for Clarification, and as a result, withdraw our previous opinion and substitute the following opinion in its place.
Anthony Kovaleski (Kovaleski) was convicted of one count of committing a lewd, lascivious, or indecent act upon a child under sixteen years of age and one count of committing a lewd, lascivious, or indecent act in the presence of a child under sixteen years of age. § 800.04, Fla. Stat. (1997). Kovaleski raised twelve points on appeal of these convictions. We need only address one of these points in this opinion, as the other eleven points raised were deemed without merit. Concerning that one point, we agree with Kovaleski's assertion that his constitutional right to a public trial was violated. We reject the State's argument that he failed to timely object to the continued closure of the courtroom.
Originally, the courtroom was partially closed under Florida Statutes section 918.16, which allows for closure to all but specified necessary individuals during the period when a victim of a sex offense under sixteen years of age is set to testify. When the victim took the stand, it became clear that the victim had turned sixteen, so that he was no longer under sixteen as the statute required. The trial judge immediately called a bench conference upon recognizing this discrepancy.
Appellate review is difficult in this case due to the very poor quality of the transcription of the pertinent parts of the record. During the bench conference after the prosecutor agreed that the statute did not apply, Kovaleski's counsel queried: "Should the bailiff make an announcement in the hall." A reasonable interpretation of this sentence is that Kovaleski's counsel wanted the courtroom reopened as the grounds for closure were no longer applicable.
*284 Before this question could be answered, the prosecutor requested that the trial judge, by his discretion, allow the courtroom to remain closed based on the nature of the events to be testified about by the victim. The trial judge responded: " since I already have, we'll just leave it that way." The judge made this statement without conducting a hearing or making any findings indicating closure was appropriate.
Again during the bench conference, Kovaleski's counsel made some sort of objection: "(Inaudible) objection. I don't think the people should." The trial judge replied: "(Inaudible) a big problem with it, but anyway, to bring it to your attention that it didn't apply." Reviewing these statements in context, we conclude that Kovaleski's counsel was objecting to the continued closure of the courtroom and that the judge indicated he did not have a problem with keeping the courtroom closed, regardless of the inapplicability of the statute.
We strain to decipher the record in this case even though it is unquestionably the appellant's responsibility to arrange for the preparation and transmission of the record to this Court under Florida Rule of Appellate Procedure 9.200(e). But Kovaleski, while fulfilling this responsibility, should not be penalized for record inadequacies due to malfunctioning transcription equipment. This is especially so because in this case the transcript is riddled with inaudible and garbled testimony, and Kovaleski attempted to clarify the record by filing motions in both this Court and the trial court seeking the reconstruction of the record.
At the hearing on the motion to reconstruct the record of the bench conferences, the trial court determined that, despite the partial-inaudibilities, the thrust of the parties' arguments was clear so as to obviate the need for reconstruction. Significantly, the trial court did not find that Kovaleski had failed to make timely objections. Once the trial court found no need for reconstruction, logically it follows that the trial court deemed Kovaleski's partially-inaudible objections and arguments on the record to be sufficiently clear for appellate review.
This case is controlled by Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1992), and Pritchett v. State, 566 So.2d 6 (Fla. 2d DCA 1990).[1]Waller requires a trial judge to establish four prerequisites for closure to be appropriate: (1) the party seeking closure must state an overriding interest that is likely to be prejudiced, (2) the closure must be no broader than necessary to protect compelling State interests, (3) the trial judge must consider reasonable alternatives to closure, and (4) the trial judge must make findings adequate to support the closure. Waller, 467 U.S. at 48.
Based on what transpired in this case, we conclude that the defendant timely objected to the continued closure of the courtroom, and thus, the trial court erred by failing to conduct a Waller hearing and make findings supporting closure.
REVERSED AND REMANDED FOR A NEW TRIAL.
GUNTHER, KLEIN and TAYLOR, JJ., concur.
NOTES
[1] The Second District, in Pritchett, suggested that a Waller inquiry is required even in partial closure cases.