985 So.2d 51 (2008)
Aaron WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-118.
District Court of Appeal of Florida, Fourth District.
June 11, 2008.
Rehearing Denied July 28, 2008.
Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, and Nicole Federico, Certified Legal Intern, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for carjacking with a firearm and battery. He argues, among other things, that the trial court erred in denying him the ability to question the victim about filing a false police report in an unrelated matter. We disagree and affirm.
The defendant was charged with carjacking with a firearm and aggravated battery with a deadly weapon. The testimony revealed that the victim was a drug-dealer. During a deal between the victim and the defendant, the defendant took the drugs *52 without paying for them, struck the victim repeatedly with a firearm, and with the help of two accomplices extracted him from his automobile, and stole it. When the victim reported the crime, not surprisingly, certain details about the drug deal were omitted.
In an unrelated incident, the victim lent his car to a friend, who was involved in a hit-and-run accident while driving the borrowed car. The victim filed a false police report that the car had been stolen.
At trial, the State moved to exclude evidence of the unrelated false police report. The court granted the motion. The jury returned a verdict of guilty on the charges of carjacking with a firearm and the lesser-included offense of simple battery.
We review trial court decisions on the admissibility of evidence for an abuse of discretion, "limited by the rules of evidence." Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001). A witness' credibility may only be impeached "by convictions of crimes involving dishonesty or false statements." Jackson v. State, 545 So.2d 260, 264 (Fla.1989). "[C]redibility may not be attacked by proof that a witness committed specific acts of misconduct which did not end in a criminal conviction." Roebuck v. State, 953 So.2d 40, 42 (Fla. 1st DCA 2007) (emphasis added).
Here, the defendant argues the trial court erred in granting the State's motion to exclude reference to the false police report filed by the victim in the unrelated incident. However, both the rules of evidence and case law support the trial court's decision. See, e.g., § 90.610(1), Fla. Stat. (2006); Jackson, 545 So.2d at 264. "The plain language of section 90.610, Florida Statutes, authorizes impeachment with only prior convictions; there is no exception written into or considered by the statute." Roebuck, 953 So.2d at 43 (emphasis in original). We therefore find no error in the trial court's exclusion of the false police report.
We note that the Second District Court of Appeal has created a "false reporting exception" to that general rule. See Jaggers v. State, 536 So.2d 321, 327-28 (Fla. 2nd DCA 1988) and Cliburn v. State, 710 So.2d 669, 670 (Fla. 2nd DCA 1998). The First District recently disagreed with those decisions and certified conflict with the Second District in Roebuck. We join the First District in adhering to the rules of evidence and respectfully declining to adopt the Second District's "false reporting exception."[1]
We find no merit in the other issue raised and affirm the defendant's conviction and sentence.
Affirmed.
POLEN and GROSS, JJ., concur.
NOTES
[1] The Supreme Court of Florida initially accepted jurisdiction in Roebuck v. State, 959 So.2d 717 (Fla.2007), but subsequently dismissed the appeal, concluding that Roebuck is not in conflict with Jaggers and Cliburn and that jurisdiction should be discharged. 982 So.2d 683 (Fla. 2008).