1 So.3d 254 (2009)
Anthony KOVALESKI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1168.
District Court of Appeal of Florida, Fourth District.
January 5, 2009.
Rehearing Denied February 20, 2009.
*255 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. Mclntire, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of two counts of lewd and lascivious acts involving a minor, and raises issues pertaining to his conviction and sentences. We address whether the victim could be cross-examined about a prior false accusation of sexual misconduct against another person, and whether the court erred in partially closing the courtroom during the minor victim's testimony. We affirm the convictions, but certify conflict on a sentencing issue involving credit for time served where there are multiple sentences.
The lewd and lascivious acts involved a fifteen-year-old male named J.L. who had become acquainted with appellant and appellant's wife, Missy, in 1996. After having a falling out with his mother, the minor moved in with the Kovaleskis and their three children. In November of that year, the minor had sex on several different occasions with Missy while appellant watched. In addition, appellant, Missy and the minor engaged in three-way sex. The minor testified he was in love with Missy, but ended their affair and moved out when he discovered Missy having sex with appellant's nephew. In addition to being upset at Missy, the minor was also upset with appellant for reporting the minor for failing to attend school. The minor reported appellant and Missy to the police three days after moving out.
Missy entered into a plea and, based on her testimony and the testimony of the minor, appellant was convicted of one count of lewd and lascivious behavior for having the minor's penis in his mouth, and on a second count for performing a sex act with Missy in front of the minor. He received two concurrent sentences of approximately twelve years. Both convictions were reversed in Kovaleski v. State, 854 So.2d 282 (Fla. 4th DCA 2003), and remanded for a new trial because the trial court had improperly closed the courtroom during the testimony of the minor without having a hearing to determine if it was necessary.
Appellant was re-tried in 2006 and at that trial Missy, who was divorced from appellant and remarried, testified as to her affair with the minor in 1996 as well as three-way sex involving her husband and the minor. She further testified that after she was arrested, she wore a recording device while speaking with her husband, and the following portion of the recorded conversation was played for the jury:
Mr. Kovaleski: Deny everything. The boy, just like we planned. We've got the letters. The boy was in love with you. We tried to help him. The boy fell in love with you. The day that [inaudible] I'll sit there and say look you know, I don't know what happened that day. I talked to Missy. I talked to *256 [J.L.] They both told me no. That's all I know. That's all I know to do.
Ms. Kovaleski: So no matter what he says you're going to deny it.
Mr. Kovaleski: I'm going to deny it. Fuck, yeah, I'm going to deny it. What are you, crazy? I got kids to raise. Are you crazy? What choice do we have? It's not even open for discussion. You think I'm going to admit to sucking a dick to anybody?
In her testimony Missy acknowledged that she had an agreement with the state to enter a plea, testify against appellant, and receive a sentence of between twelve and thirty-five months incarceration. By the time she testified at the second trial she had served a one year sentence and was on probation.
Missy's sister, Teresa, also testified against appellant. She had been with Missy and appellant after Missy had been arrested, and appellant told Teresa about the sexual acts which were described above.
Another witness, M.A., a pregnant fourteen-year-old, who had lived at the Kovaleski house, but not at the same time as the minor, knew the minor from when they were younger. She testified that she had asked the minor if it was true that he and appellant had had sex, and he said no, but that he had had sex with Missy.
Appellant testified in his own defense and denied everything, including that what he said on the recorded conversation had anything to do with the minor. He testified that the comment about admitting to "sucking dick" was in reference to a person who had tried to molest him when he was eleven, and he further claimed that the tape recording had been altered, but could not explain how.
The first issue involves the cross-examination of the minor, when he testified in the state's case on rebuttal. The minor acknowledged he was a friend of M.A., but testified that he had never spoken with her about what had happened in this case. Appellant's counsel then asked: "Did you ever make an accusation about someone else having sex with you and later withdraw it?" The state objected on the ground that the question was beyond the scope of the minor's testimony, and the trial court sustained the objection, concluding it was improper impeachment, irrelevant, or extrinsic evidence of a collateral matter.
The state points out that no proffer was made as to the minor's answer to the question. Appellant's response is that there is an exception to the requirement that excluded evidence must be proffered, where the substance of the excluded testimony is apparent from the context in which it is offered. § 90.104(1)(b), Fla. Stat.; Reaves v. State, 531 So.2d 401 (Fla. 5th DCA 1988).
We agree with the state that a proffer was necessary under these facts, because the record is silent as to whether the minor had ever made such an accusation or withdrawn it. Nor is it clear, under the cases we discuss below, if such evidence would have been admissible.
In Washington v. State, 985 So.2d 51 (Fla. 4th DCA), review denied, 994 So.2d 307 (Fla.2008), we held that a victim of a carjacking could not be impeached by evidence that, on an unrelated occasion, the victim had filed a false police report that his car, which he had actually lent to a friend, had been stolen. We relied on Roebuck v. State, 953 So.2d 40 (Fla. 1st DCA 2007), review dismissed, 982 So.2d 683 (Fla.2008), which held that, under our evidence code, the credibility of a witness may not be attacked by proof of a specific act of misconduct which did not end in a *257 criminal conviction. Shortly prior to Washington, in Fehringer v. State, 976 So.2d 1218, 1222 (Fla. 4th DCA 2008), we held that the trial court erred in not permitting a proffer, where the minor victim who had accused the defendant of sexual misconduct had made similar accusations against a different person. Although we were reversing only on the error in not allowing a proffer, we went on to say that "defense counsel should be allowed to inquire about a prior accusation of sexual assault, even where the victim has not previously recanted that allegation." That statement is contrary to our holding in Washington. It is also dicta. Hilkmeyer v. Latin Am. Air Cargo Expediters, Inc., 94 So.2d 821 (Fla.1957) (language which is unnecessary to the determination of the cause is dicta). That dicta, however, is supported by two cases from the Second District, Cliburn v. State, 710 So.2d 669 (Fla. 2d DCA 1998) and Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988).
Because there was no proffer that there had been a prior false accusation which had resulted in a criminal conviction, we are unable to determine, under Washington, if the evidence would have been admissible. It is accordingly not preserved.
The next issue raised by appellant is that the court erred in ordering partial closure of the courtroom when the victim testified. Section 918.16(2), Florida Statutes (2001), provides:
When the victim of a sex offense is testifying concerning that offense in any civil or criminal trial, the court shall clear the courtroom of all persons upon the request of the victim, regardless of the victim's age or mental capacity, except the parties to the cause and their immediate families or guardians, attorneys, and their secretaries, officers of the court, jurors, newspaper reporters or broadcasters, court reporters, and, at the request of the victim, victim or witness advocates designated by the state attorney may remain in the courtroom.
Consistent with the statute, the court cleared the courtroom of all persons who were not described in the statute. Appellant said that he was objecting for the record, without a further explanation.
The Sixth Amendment to the United States Constitution guarantees an accused the right to a public trial; however, there are exceptions which are permissible under Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), in which the Court explained:
First, the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; second, the closure must be no broader than necessary to protect that interest; third, the trial court must consider reasonable alternatives to closing the proceedings; and fourth, the court must make findings adequate to support the closure.
Waller addressed the total closure of a court proceeding, not a partial closure such as section 918.16 authorizes.
In Clements v. State, 742 So.2d 338 (Fla. 5th DCA 1999), the Fifth District held that Waller is inapplicable to the partial closure authorized by the statute, explaining:
The Legislature, by enacting section 918.16, has found that there is a compelling state interest in protecting younger children or any person with mental retardation while testifying concerning a sexual offense. Accordingly, section 918.16 is narrowly drawn to ensure that a defendant's right to an open trial is protected. It requires partial closure only during the limited time in which a child under sixteen years of age or a mentally retarded person is to testify about a sex offense. The spectators who *258 are temporarily excluded from the proceeding are only those with no direct interest in the case. The press, as the eyes and ears of the public, is allowed to remain. As the public's proxy, the presence of the press preserves a defendant's constitutional right to a public trial. Per section 918.16, Florida Statutes, which, we note, Clements has not challenged as unconstitutional, the idly curious were properly ordered from the courtroom.
In Alvarez v. State, 827 So.2d 269 (Fla. 4th DCA 2002), we addressed the issue of whether a failure to object to a closing of the courtroom under section 918.16 would constitute a waiver of the right to a public trial. We held that this was a waiver and receded from a prior decision holding that it could not be waived, citing Clements. We agree with Clements that the findings required by Waller are not applicable to a partial closure under section 918.16, and affirm as to the closure.
We conclude that the remaining issues raised by appellant with regard to his conviction are without merit, and now address his sentencing issue. After appellant's first trial he was sentenced to two concurrent sentences, each about 11.5 years in length. After his re-trial, he was sentenced to two consecutive sentences of fifteen years and argues that this was vindictive, under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). A re-sentence after a reversal and re-trial which is more onerous than the original sentence is presumed vindictive where imposed by the same judge, but when, as in this case, a different judge imposes the increased sentence, the presumption does not apply and the defendant has the burden of demonstrating vindictiveness. Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986).
In this case the court stated that the length of this sentence was based on evidence that, after appellant's original conviction was reversed and he was awaiting re-trial, he attempted to solicit the murder of the prosecutor and the victim. Under Pearce, a sentence is not vindictive if it is based on conduct which has occurred after the time of the original sentence. Appellant's vindictive argument is accordingly without merit.
We do agree that appellant should have received credit for time served for each of his fifteen year consecutive sentences after re-trial, and that the court erred in not giving that credit. He cites Rabedeau v. State, 971 So.2d 913 (Fla. 5th DCA 2007), review granted, 975 So.2d 429 (Fla.2008), in which the defendant was sentenced to three concurrent terms of five years, followed by three concurrent nine year probationary terms. After release, he violated probation and was sentenced to three consecutive ten year terms, and received credit for the five years he had already served on only one of the three consecutive ten year terms. The court disagreed with the contrary holding in Gisi v. State, 948 So.2d 816 (Fla. 2d DCA), review granted, 952 So.2d 1189 (Fla.2007), and certified conflict with Gisi. We agree with Rabedeau and also certify direct conflict with Gisi.
We have considered the other issues raised and find them to be without merit. We affirm the convictions and remand for re-sentencing.
DAMOORGIAN, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, J., concurring specially.
I concur only in the result.
Anytime a State witness can be shown to have lied about something related to the substance of the witness's trial testimony, a defendant is entitled under the Confrontation Clause to cross-examine the witness *259 about the lie. A proffer of the answers that might have been gleaned from such a cross examination is unnecessary because the substance is clearly shown by the very question. It would also be illogical as a requirement for preservation because it is impossible to show where such cross-examination may lead. One reason for allowing searching cross examination of State's witnesses to show reasonable doubt is that the nature of the impeachment actually shown is often unpredictable.
Yet in this case the failure to allow cross-examination seems to me overpoweringly harmless. Here the jury heard the defendant in his own voice declare his intention to falsely deny guilt for the crime charged. In the face of such proof of guilt from defendant's own mouth, how could the exclusion of evidence of the witness's dishonesty possibly affect the outcome?
I also do not agree with the court's analysis of the closure issue. But here defendant failed to preserve the issue by arguing that Clements v. State, 742 So.2d 338 (Fla. 5th DCA 1999), conflicts with Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), in spite of the attempt to distinguish Waller.
I agree with the remaining issues.