PERRY, J.
Anthony Kovaleski seeks review of the decision of the Fourth District Court of Appeal in Kovaleski v. State, 1 So.3d 254 (Fla. 4th DCA 2009), on the ground that it expressly and directly conflicts with a decision of the Third District Court of Appeal, Alonso v. State, 821 So.2d 423 (Fla.3d DCA 2002).[1] We have jurisdiction. See *860 art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we approve the decision of the Fourth District in Kovaleski, but upon different reasoning. We disapprove the decision of the Third District in Alonso to any extent it could be read as inconsistent with this opinion.
FACTS AND PROCEDURAL HISTORY
Anthony Kovaleski was convicted by a jury of two counts of lewd and lascivious acts on a minor. At Kovaleski’s first trial in 1998, the trial court partially closed the courtroom during the testimony of the victim, J.L., pursuant to section 918.16, Florida Statutes (1997), which allowed for partial closure of the courtroom during the testimony of a victim who was under the age of sixteen concerning a sex offense. On appeal, the Fourth District held that the trial court erred in closing the courtroom after it became clear that J.L. was not under the age of sixteen and in failing to make findings in support of closing the trial as required by Waller v. Georgia, 467 U.S. 39, 48, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). See Kovaleski v. State, 854 So.2d 282, 284 (Fla. 4th DCA 2003). Thus, the Fourth District reversed and remanded for a new trial. Id. at 284.
At Kovaleski’s second trial in 2006, the trial court partially closed the courtroom during the testimony of the victim pursuant to section 918.16(2), Florida Statutes (2001), which provided for partial closure of the courtroom during the testimony of a victim of a sex offense upon the victim’s request regardless of the victim’s age. Kovaleski was again convicted of two counts of lewd and lascivious acts on a minor. On appeal, the Fourth District addressed whether: (1) J.L. could be cross-examined about a prior false accusation of sexual misconduct against another person; (2) the trial court erred in ordering partial closure of the courtroom when the victim testified; and (3) Kovaleski was subjected to vindictive sentencing when, after retrial, he was sentenced to two consecutive sentences of fifteen years each. Kovaleski, 1 So.3d at 256-58. The Fourth District concluded that Waller was inapplicable to partial closures, the trial court erred in not giving Kovaleski credit for time served on each of his consecutive sentences after retrial, and the additional claims raised by Kovaleski were without merit. Id. at 257-58. Thus, the Fourth District affirmed Kovaleski’s convictions, and remanded the cause for resentencing. Id.
On review here, Kovaleski claims that the Fourth District erred in finding that the trial court did not err in partially closing the courtroom during the victim’s testimony.
ANALYSIS
Kovaleski contends that the trial court’s closure during J.L.’s testimony pursuant to section 918.16(2) violated his right to a public trial under the Sixth Amendment to the United States Constitution and article I, section 16 of the Florida Constitution. Specifically, Kovaleski asserts that a partial closure pursuant to section 918.16(2) runs afoul of the United States Supreme Court’s decision in Waller, which sets out requirements that must be satisfied before the presumption of openness may be overcome: (1) the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; (2) the closure must be no broader than necessary to protect that interest; (3) the trial court *861 must consider reasonable alternatives to closing the proceedings; and (4) the court must make findings adequate to support the closure. 467 U.S. at 48, 104 S.Ct. 2210.
Section 918.16(2) provides for partial closure of a trial during the testimony of victims at a sex offense trial:
(2) When the victim of a sex offense is testifying concerning that offense in any civil or criminal trial, the court shall clear the courtroom of all persons upon the request of the victim, regardless of the victim’s age or mental capacity, except that parties to the cause and their immediate families or guardians, attorneys and their secretaries, officers of the court, jurors, newspaper reporters or broadcasters, court reporters, and, at the request of the victim, victim or witness advocates designated by the state attorney may remain in the courtroom.
§ 918.16(2), Fla. Stat. (2001).[2]
We find that section 918.16(2) acceptably embraces the requirements set forth in Waller,[3] Pursuant to the statute, the courtroom is partially closed not automatically but only upon the request of the victim. C.f. Globe Newspaper Co. v. Superior Court for Norfolk Cnty., 457 U.S. 596, 607-09, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982) (automatic mandatory exclusion of the press and public from the courtroom with no particularized finding is constitutionally infirm as not narrowly tailored to the State’s compelling interest of protecting the testifying victim). Because the partial closure pursuant to section 918.16(2) occurs only at the request of the testifying victim, protecting the victim upon his or her request is a compelling interest of the State, satisfying the first prong of Waller.
As to the second prong of Waller, because of the number of people including members of the press who are explicitly allowed to remain in the courtroom, and because the partial closure is only during the victim’s testimony, the partial closure is narrowly tailored to the interest of protecting the victim. Regarding the third prong of Waller, we find that allowing the parties enumerated in section 918.16(2) to remain in the courtroom during the victim’s testimony and only providing the partial closure during the victim’s testimony provides for the most reasonable alternative to closing the courtroom during a trial. Finally, as to the fourth prong of Waller, we caution trial courts to ensure that the statute is in fact applicable to the ease before them and is properly applied. Reflecting such determinations in the record will allow for proper appellate review.
For the reasons expressed above, we find that Kovaleski was not denied his right to a public trial. We therefore approve the decision of the Fourth District Court of Appeal in Kovaleski but upon different reasoning, and disapprove the decision of the Third District Court of Appeal in Alonso, to any extent it could be read as inconsistent with our decision.
It is so ordered.
LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
POLSTON, C.J. and CANADY, J., concur in result.
PARIENTE, J., concurs in result only with an opinion.

. Kovaleski also sought this Court's review based on express and direct conflict with a decision of the Second District Court of Appeal, Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988). As conceded by Kovaleski, this Court’s decision in Pantoja v. State, 59 So.3d 1092 (Fla.), cert. denied, - U.S. -, 132 S.Ct. 496, 181 L.Ed.2d 389 (2011), which held that a victim may not be cross-examined about an alleged prior false accusation that did not result in a criminal conviction, resolves the conflict between Kovaleski and Jag-gers. Accordingly, we decline to grant jurisdiction on this ground and decline to address *860 Kovaleski’s claim that the Fourth District erred in finding that such elicited testimony was not preserved for review.

. Section 918.16(2) has remained the same since 2001.

. See Fla. S. Comm, on Judiciary, CS for SB 198 (1999) Staff Analysis 2 (Jan. 20, 1999) (on file with comm.) (contemplating the requirements of Waller in analyzing the bill which amended section 918.16(2), Fla. Stat. (1997), as set forth above).