

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-11-00705-CR

Joseph Allen **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2005CRN000643-D3
Honorable Elma T. Salinas Ender, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  March 20, 2013

REVERSED AND REMANDED

Appellant Joseph Allen Garcia was convicted by a jury of one count of first degree felony

murder and three counts of second degree felony aggravated assault with a deadly weapon.  On

appeal, Appellant asserts that his Sixth Amendment right to a public trial was violated when the

trial court closed voir dire to all others except the venire panel.  We agree.  We reverse the trial

court's judgment and remand this cause to the trial court for a new trial.

**BACKGROUND**

Appellant Joseph Allen Garcia was charged with one count of first degree felony murder of Mario Alberto Gonzalez and three counts of second degree felony aggravated assault with a deadly weapon. Garcia chose a jury trial for both phases: guilt/innocence and punishment.

On the Friday before the Monday voir dire, the trial court advised the parties that with a full venire panel, there would be no room left in the courtroom for spectators. Appellant's counsel asked for six of Appellant's family members to be present during voir dire; counsel suggested they could sit in the empty seats in the jury box. But the trial court reiterated that there would not be any room in the courtroom for others "if we have the maximum number of [venire members]." Appellant's counsel objected to the exclusion of Appellant's family members from voir dire and asserted that such exclusion would violate Appellant's Sixth Amendment right to a public trial. Appellant's counsel suggested that the trial court conduct voir dire in the central jury room, but the court noted that that room would be filled on Monday—the day of Appellant's voir dire. Counsel also suggested that the family members could be seated in the jury box, but the trial court also rejected that alternative.

On the day of voir dire, the venire panel was brought in, and Appellant asked for three of his family members to be seated in the courtroom. The trial court, expressing concern about the fire code limit on the maximum number of persons who could be in the courtroom at one time, stated that the three could not be accommodated because the room was already filled to its maximum safe capacity.

At the conclusion of the trial, the jury found Appellant guilty on all four counts and sentenced him to seventy years for the murder, and lesser terms and fines for the other counts. In eleven issues, Garcia appeals the verdict and the punishment. We will address Garcia's eighth issue first: whether his Sixth Amendment right to a public trial was violated.

## RIGHT TO A PUBLIC TRIAL

Appellant argues that when the trial court disallowed Appellant's three family members from being present in the courtroom during voir dire, the trial court violated his Sixth Amendment right to a public trial. He asserts that the appropriate remedy is to reverse his conviction and remand his case for a new trial.

### A. Applicable Law

In a criminal prosecution, the defendant has a right to a public trial. *See* U.S. CONST. amends. VI, XIV; *Presley v. Georgia*, 130 S. Ct. 721, 723 (2010) (per curiam) (reiterating that the Sixth Amendment right to a public trial applies to the states via the Due Process Clause of the Fourteenth Amendment); *Steadman v. State*, 360 S.W.3d 499, 504 (Tex. Crim. App. 2012). "[T]he Sixth Amendment right to a public trial extends to the *voir dire* of prospective jurors." *Presley*, 130 S. Ct. at 724; *accord Steadman*, 360 S.W.3d at 505. If a trial court wishes to close voir dire, the trial court "must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, [it] must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure." *See Waller v. Georgia*, 467 U.S. 39, 48 (1984); *accord Lilly v. State*, 365 S.W.3d 321, 328–29 (Tex. Crim. App. 2012).

In considering reasonable alternatives, "trial courts are required to consider alternatives to closure even when they are not offered by the parties." *Presley*, 130 S. Ct. at 724[1]; *accord Lilly*, 365 S.W.3d at 329; *Steadman*, 360 S.W.3d at 509. A closure is not justified if there are reasonable alternatives to closure that the trial court cannot "sensibly reject." *See Steadman*, 360

---

[1] Even the dissent shows some support for the trial court's duty to consider, *sua sponte*, reasonable alternatives to closure. *See Presley v. Georgia*, 130 S. Ct. 721, 727 (2010) (per curiam) (Thomas, J., joined by Scalia, J., dissenting) ("[T]he Court may well be right that a trial court violates the Sixth Amendment if it closes the courtroom without *sua sponte* considering reasonable alternatives to closure.").

S.W.3d at 509; *see also Presley*, 130 S. Ct. at 724–25; *Lilly*, 365 S.W.3d at 333. If voir dire was closed, we must reverse the trial court's judgment if "the record fails to show that [the] trial court considered all reasonable alternatives to closure." *Lilly*, 365 S.W.3d at 329 (citing *Presley*, 130 S. Ct. at 725) (recognizing that *Steadman* reversed the trial court's judgment "because the trial court failed to consider *all* reasonable alternatives").

## B. Analysis

To close Appellant's voir dire without violating his Sixth Amendment right to a public trial, the trial court had to consider *all* reasonable alternatives to closure, sensibly reject each one, and issue specific findings that justified the closure in light of controlling law. *See Steadman*, 360 S.W.3d at 509; *see also Waller*, 467 U.S. at 48; *Presley*, 130 S. Ct. at 725; *Lilly*, 365 S.W.3d at 329. We consider whether voir dire was closed, whether any closure was justified, and whether the record contains specific findings to support the closure.

### 1. Was Voir Dire Closed?

On the day of voir dire, Appellant asked that three of his family members be allowed to be present in the courtroom during voir dire. The trial court again expressed its concern that the courtroom could not safely hold the venire panel and anyone else from the public. Over Appellant's Sixth Amendment objection, the trial court denied Appellant's request and excluded Appellant's family members from voir dire. We conclude that the trial court closed voir dire. *Cf. Presley*, 130 S. Ct. at 722; *Steadman*, 360 S.W.3d at 500–01. Therefore, we turn to the question of whether the closure was justified. *See Lilly*, 365 S.W.3d at 329.

### 2. Was Closure Justified?

The *Steadman* court addressed a very similar situation. *See Steadman*, 360 S.W.3d at 506–11. There, in the trial court's written findings, the trial court found there were no courtrooms larger than its own other than the central jury room; the central jury room was "not

configured as a courtroom" so that using it would be "inconvenient"; and "[m]oving the voir dire proceedings to the central jury room . . . could cause delay." *Id.* at 502. The *Steadman* court expressly rejected mere delay or inconvenience as reasons for closing voir dire. *See id.* at 508.

Here, the trial court expressly considered using the central jury room, but rejected the idea because the central jury room was in use. *Cf. id.* at 502. The trial court also considered rescheduling voir dire, but rejected that alternative as one that would cause unacceptable delay. *Cf. id.* While we recognize that relocating voir dire to a larger courtroom or rescheduling voir dire for a different day are inconvenient alternatives that tax judicial economy, "neither convenience nor judicial economy can constitute an 'overriding interest'" that warrants closure. *See id.* at 508. Thus, neither of these two interests warranted closure. *See id.*

A third interest the trial court identified was compliance with the fire code limit on the number of persons the courtroom could safely accommodate. When Appellant proposed that his family members could be seated in the empty jury box, the trial court rejected this alternative as noncompliant with the fire code. Clearly, the trial court has some responsibility for complying with applicable safety regulations, but that responsibility does not excuse the trial court from considering other alternatives to closing voir dire. *See Presley*, 130 S. Ct. at 725; *Steadman*, 360 S.W.3d at 505–06. The trial court was obligated to consider *all* reasonable alternatives. *See Presley*, 130 S. Ct. at 725; *Lilly*, 365 S.W.3d at 329; *Steadman*, 360 S.W.3d at 505–06. For example, the trial court could have considered dividing the venire panel to reduce the number of people in the courtroom to allow for Appellant's family members to attend voir dire; it did not. *Contra Presley*, 130 S. Ct. at 725 (identifying dividing the venire panel as a reasonable alternative a trial court must consider). Therefore, we necessarily conclude that the trial court did not consider every reasonable alternative and thus the closure was not justified. *See Lilly*, 365 S.W.3d at 329; *Steadman*, 360 S.W.3d at 508–09.

### *3. Record Supports Closure?*

Even assuming *arguendo* that the trial court's reasons justified closure, the record does not show that the trial court produced specific findings of fact to support its closure. *Cf. Lilly*, 365 S.W.3d at 333; *Steadman*, 360 S.W.3d at 505–06. There is no finding on the actual fire code limit for the courtroom or that the Appellant's family members would have exceeded the maximum allowable limit. There is no finding that the trial court could not have rescheduled voir dire for a different day when a larger courtroom would be available. *Cf. Steadman*, 360 S.W.3d at 505–06. Finally, there are no findings that show the trial court considered all reasonable alternatives, such as dividing the venire panel, and sensibly rejected each one. *Cf. Presley*, 130 S. Ct. at 725. Thus, the trial court failed to produce findings of fact that supported the closure. *Cf. Lilly*, 365 S.W.3d at 333; *Steadman*, 360 S.W.3d at 505–06.

## C. Conclusion

The record does not show that the trial court considered *all* reasonable alternatives, "sensibly reject[ed]" each of them, and issued specific findings that justify the closure in light of controlling law. *See Presley*, 130 S. Ct. at 725 (*all* reasonable alternatives); *Lilly*, 365 S.W.3d at 329 (same); *Steadman*, 360 S.W.3d at 509 (sensibly reject); *see also Waller*, 467 U.S. at 48 (*Waller* test). Thus, Appellant's Sixth Amendment right to a public trial was violated. *See Lilly*, 365 S.W.3d at 333; *Steadman*, 360 S.W.3d at 510–11. We sustain Appellant's eighth point of error.

### REMAINING ISSUES

Because we have concluded that Appellant's Sixth Amendment right to a public trial was violated, and the appropriate remedy is to reverse the judgment and remand the cause for a new trial, we need not address Appellant's other issues. *See* TEX. R. APP. P. 47.1. We overrule Appellant's remaining issues as moot.

## CONCLUSION

By closing voir dire without being able to sensibly reject *all* reasonable alternatives to closure, the trial court violated Appellant's Sixth Amendment right to a public trial. Therefore, we must reverse the trial court's judgment of conviction on all four counts and remand this cause to the trial court for a new trial.

Patricia O. Alvarez, Justice

PUBLISH