Kuntz, J.
The Defendant appeals an order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He raises two issues on appeal: (1) a challenge to the sufficiency of the evidence, and (2) a procedural error that occurred during resen-tencing.
We affirm the denial of the challenge to the sufficiency of the evidence without further comment. This could have been raised on direct appeal and, therefore, is not appropriate in a Rule 3.850 motion. See, e.g., Childers v. State, 782 So.2d 946, 947 (Fla. 4th DCA 2001).
As to the second issue, the State properly concedes error. By his Rule 3.850 motion, the Defendant challenged the sentencing scoresheet and sought resentenc-ing. The scoresheet was corrected and, while the court agreed resentencing was required, the Defendant argues he was denied effective assistance of counsel because his public defender was appointed immediately prior to resentencing and had no opportunity to confer with him or prepare to represent him. The Defendant also argues that the trial court erred by treating the resentencing as a ministerial proceeding and denying him the opportunity to present mitigation, allocution, or argument before determination of sentence. We agree.
We find that the Defendant was not afforded a de novo resentencing hearing. Wilson v. State, 947 So.2d 1225, 1226 (Fla. 1st DCA 2007). As the Fifth District recently noted, “the Florida Supreme Court has consistently held that ‘resen-tencing proceedings must be a ‘clean slate,’ meaning that the defendant’s vacated sentence becomes a ‘nullity’, and his ‘resen-tencing should proceed de novo on all issues bearing on the proper sentence.’” Branton v. State, 187 So.3d 382, 385 (Fla. 5th DCA 2016) (citing Galindez v. State, 955 So.2d 517, 525 (Fla. 2007) (Cantero, J., specially concurring)); see also Griffin v. State, 517 So.2d 669, 670 (Fla. 1987) (“The presence of the defendant is as necessary at resentencing as it was at the time of the original sentence so that the defendant has the opportunity to submit evidence relevant to the sentence .... ”).
In this case, the Defendant was not given that clean slate, nor the opportunity to submit evidence, Therefore, we accept the State’s concession of error and reverse for resentencing. We note that the Defendant also requests that we order further proceedings be before a different judge. We decline to address this request as the judge that presided over the prior hearing is no. longer a sitting judge.

Reversed and remanded with instructions.

May and Klingensmith, JJ., concur.