DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALPHONSO DAVIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3955

[January 16, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 10-021484-CF-10A.

Carey Haughwout, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

CARACUZZO, CHERYL, Associate Judge.

After we remanded appellant's case for a *de novo* resentencing hearing, he appealed his new sentence of 30 years as being vindictive because it was longer than the sentence imposed by the original judge. Since appellant has failed to establish actual vindictiveness on the part of the new sentencing judge, the sentence is affirmed.

Appellant was employed as a teacher and a coach. He had sexual relations with a student, caused her to abort the resulting pregnancy, and then convinced his nephew to falsely claim that the nephew was the father of the victim's child.

A jury found appellant guilty of sexual battery by a person in familial or custodial authority and unlawful sexual activity with a certain minor. He was sentenced to 20 years on Count I, and a concurrent term of 15 years on Count II. Appellant appealed that sentence, and this court per curiam affirmed. *Davis v. State*, 163 So. 3d 1215 (Fla. 4th DCA 2015).

Thereafter, appellant moved for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, arguing in part, that the scoresheet used at his sentencing improperly contained victim penetration points, even though the jury did not make the requisite findings to support the addition of the points. The state conceded error and the case was remanded for correction of the scoresheet and a new sentencing hearing.

At the resentencing hearing ("Resentencing One"), the original judge stated that the incorrect assessment of penetration points did not change his sentence. The original judge again sentenced appellant to a term of 20 years on Count I, and a concurrent term of 15 years on Count II.

Appellant appealed his sentence a second time. Again, this court reversed the sentence, finding that the trial court erred in failing to hold a *de novo* resentencing hearing where appellant would have "the opportunity to submit evidence." *Davis v. State*, 219 So. 3d 863, 864 (Fla. 4th DCA 2017).

A second resentencing ("Resentencing Two") hearing was conducted in front of a different judge. That trial judge conducted a *de novo* sentencing hearing and did not limit either party as to the presentation of any evidence. The judge indicated that the sentence was also based upon a review of the court transcripts, everything provided to him by both the defense and prosecution, and the Pre-Sentence Investigation. At the conclusion of the Resentencing Two hearing, the court sentenced appellant to 30 years on Count I, and a concurrent term of 15 years on Count II. Appellant now appeals this sentence as vindictive.

"[I]mposition of a vindictive sentence is fundamental error that may be raised for the first time on appeal." *Mendez v. State*, 28 So. 3d 948, 950 (Fla. 2d DCA 2010). Therefore, no action was necessary to preserve this argument for appeal.

Whether an increased sentence is vindictive "is a question of law subject to de novo review by this court." *Parker v. State*, 977 So. 2d 671, 672 (Fla. 4th DCA 2008).

Appellant argues that the sentence imposed by the Resentencing Two trial judge was improperly vindictive because it exceeded the sentence imposed by the original sentencing judge. To resolve this issue it must first be determined whether a presumption of vindictiveness applies, and then, whether appellant has made the requisite showing of vindictiveness.

Because the sentence appellant attacks was imposed by a judge other than the one who imposed the original sentence, there is no presumption of vindictiveness.  As we have previously explained,

> [a] re-sentence after a reversal and re-trial which is more onerous than the original sentence is presumed vindictive where imposed by the same judge, but when, as in this case, a different judge imposes the increased sentence, the presumption does not apply and the defendant has the burden of demonstrating vindictiveness. *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986).

*Kovaleski v. State*, 1 So. 3d 254, 258 (Fla. 4th DCA 2009).  We have declined to apply the presumption of vindictiveness when "a different trial judge sentence[s] appellant the third time around."  *Harris v. State*, 653 So. 2d 402, 404 (Fla. 4th DCA 1995)*; see also Knowles v. State*, 617 So. 2d 1136, 1137 (Fla. 4th DCA 1993) (declining to apply the presumption of vindictiveness, in part, because "the judge who imposed the first sentence . . . was not the judge who tried the case and imposed the [second] sentence. . .").

Appellant attempts to distinguish the instant case from *Kovaleski,* arguing that *Kovaleski* involved a resentencing after a retrial, not after a remand just for resentencing.  *See Kovaleski,* 1 So. 3d at 258.  However, we see no reason why a resentencing after a retrial should be treated differently than a resentencing without a retrial when it comes to applying a presumption of vindictiveness.  In *Harris,* we declined to apply the presumption in a resentencing case by a new judge without a retrial.  653 So. 2d at 403-04.

Since there is no presumption of vindictiveness, appellant has the burden of proving actual vindictiveness.  *Wilson v. State*, 845 So. 2d 142, 156 n.8 (Fla. 2003) ("Where the totality of the circumstances does not give rise to a presumption of vindictiveness, the burden remains upon the defendant to prove actual vindictiveness.").  Therefore, the next step is to determine whether appellant has demonstrated *actual* vindictiveness.

"In the context of sentencing, 'the word "vindictive" has lost its dictionary definitions. . . .  The sentencing term "vindictive" has become a "term of art," describing the legal effect of a given objective course of action, generally not implying any personal or subjective animosity on the part of the trial judge.'"  *Blanco v. State*, 849 So. 2d 381, 383 (Fla. 3d DCA 2003) (alteration in original) (quoting *Nairn v. State,* 837 So. 2d 519, 520 (Fla. 3d DCA 2003)).

Appellant has failed to demonstrate actual vindictiveness on the part of the Resentencing Two judge. The judge explained his sentence and nothing that he said suggested that the sentence was vindictive. Different sentencing judges might well come to different conclusions based on the same facts. As the Supreme Court has observed, "[i]t may be often that the [second sentencer] will impose a punishment more severe than that received from the [first]. But it no more follows that such a sentence is a vindictive penalty for seeking a [new] trial than that the [first sentencer] imposed a lenient penalty." *McCullough,* 475 U.S. at 140 (alterations in original) (quoting *Colten v. Kentucky,* 407 U.S. 104, 117 (1972)). There was no suggestion of any retaliatory motive on the part of the Resentencing Two judge. Finally, contrary to appellant's argument, there was no difference between the scoresheets used at the Resentencing One and Resentencing Two hearings.

We reject appellant's argument that *Kramer v. State,* 868 So. 2d 1246, 1249 (Fla. 4th DCA 2004), injected an entirely new standard into this area of the law by its reference to an "appearance of vindictiveness." We read that reference as dicta contained in instructions on remand, without any citation to authority. We do not read this reference as an abandonment of the principles established by the Supreme Court in *North Carolina v. Pearce,* 395 U.S. 711 (1969), *Alabama v. Smith,* 490 U.S. 794 (1989), and *McCullough.*

Appellant has failed to carry his burden of demonstrating that the new sentence was actually vindictive.

*Affirmed.*

GROSS and MAY, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***