# Third District Court of Appeal

## State of Florida

Opinion filed April 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1858
Lower Tribunal No. F20-3332
_____

**Moises Cordon,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Daniel J. Tibbitt, P.A., and Daniel Tibbitt, for appellant.

James Uthmeier, Attorney General, and Camilo Montoya, Assistant Attorney General, for appellee.

Before MILLER, LOBREE, and BOKOR, JJ.

MILLER, J.

Appellant, Moises Cordon, appeals from his conviction and twenty-year sentence for sexual activity with a child twelve years of age or older but less than eighteen by a person in a familial or custodial authority. On appeal, he contends that the trial court violated his right to a public trial, as guaranteed by the Sixth Amendment to the United States Constitution and Article 1, section 16 of the Florida Constitution, by excluding his biological daughter from the courtroom while her half-sister, the victim, testified as to the sexual abuse she suffered. On the narrow facts presented, we find no constitutional violation and affirm.

## I

Cordon was charged by information with sexually abusing his stepdaughter, B.R., when she was between the age of twelve and eighteen. The case proceeded to trial, and B.R. appeared as a witness. Upon entering the courtroom, she saw her teenaged half-sister, K.C.—Cordon's biological daughter—sitting in the gallery. B.R. immediately fled from the courtroom, visibly distraught and reduced to tears.

The State moved for a total closure of the courtroom, citing B.R.'s emotional distress and the sensitive nature of her anticipated testimony. The trial court convened a hearing outside the presence of the jurors and allowed both sides to question B.R.

2

B.R. confirmed that K.C. was a minor and referred to her as her "little sister." She stated that she would have significant difficulty testifying and maintaining emotional control if K.C. remained present in the courtroom. She further stated that she did not want K.C. to hear the details of the sexual acts.

After examining sections 92.55 and 918.16, Florida Statutes (2023), along with Florida's constitutional and statutory protections for crime victims, the trial court did not institute a total closure. See Art. I, § 16, Fla. Const.; see also § 960.0021(2)(a), Fla. Stat. (2023). It instead found the interests of justice warranted the temporary exclusion of K.C., but only for the duration of B.R.'s testimony. As factual support, the judge cited B.R.'s emotional reaction, her time at the age of the offenses, and the sensitive nature of the testimony. Cordon's two other immediate family members, both of whom were adults, and other spectators, were allowed to remain in the courtroom. But legal interns were excluded due to their immature age and the nature of the testimony.

B.R. testified, the jury found Cordon guilty, as charged, and the trial court adjudicated him guilty and sentenced him to twenty years' imprisonment, followed by twenty years of sex offender probation. This appeal ensued.

3

## II

### A

We review the trial court's findings of fact for clear error, legal determinations de novo, and the ultimate decision ordering a partial closure for an abuse of discretion.  See LiFleur v. Webster, 138 So. 3d 570, 574 (Fla. 3d DCA 2014); Woods v. State, 490 So. 2d 24, 27 (Fla. 1986).  But because the right to a public trial implicates constitutional principles, our scrutiny is more rigorous than in other abuse-of-discretion appeals.

### B

The Sixth Amendment to the United States Constitution and the Florida Constitution guarantee the accused the right to a public trial.  See Amend. VI, U.S. Const. ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."); Art. I, § 16(a), Fla. Const. ("In all criminal prosecutions the accused shall . . . have the right to have compulsory process for witnesses, to confront at trial adverse witnesses, to be heard in person, by counsel or both, and to have a speedy and public trial by impartial jury in the county where the crime was committed.").  Indeed, at least one court has opined that "[t]here is no right more sacred to our institutions of government than the right to a public trial by a fair and impartial jury."  Baker v. Hudspeth, 129 F.2d 779, 781 (10th Cir. 1942).

4

"[Supreme Court] cases have uniformly recognized the public trial guarantee as one created for the benefit of the defendant." Gannett Co. v. DePasquale, 443 U.S. 368, 380 (1979). "The knowledge that every criminal trial is subject to contemporaneous review in the forum of public opinion is an effective restraint on possible abuse of judicial power." In re Oliver, 333 U.S. 257, 270 (1948); see also Jocelyn Simonson, The Criminal Court Audience in a Post-Trial World, 127 Harv. L. Rev. 2173, 2174 (2014) ("The Sixth Amendment provides for twin engines of public accountability for the prosecution of crimes: the right to a jury trial and the right to public trial.").

But the right to a public trial is not absolute. In some circumstances, it is not triggered at all. See United States v. Yumang, 164 F.4th 601, 605 (7th Cir. 2026) ("The brief courtroom closure [for five minutes] was too trivial to be a Sixth Amendment error at all, let alone a reversible plain error."); Peterson v. Williams, 85 F.3d 39, 43 (2d Cir. 1996) (closure of twenty minutes did not implicate Sixth Amendment); United States v. Perry, 479 F.3d 885, 890–891 (D.C. Cir. 2007) (applying Peterson's "triviality standard" to exclude the defendant's 8-year-old son during trial); United States v. Ivester, 316 F.3d 955, 959–60 (9th Cir. 2003) (satisfying the "widely-accepted Peterson test" after public excluded during mid-trial questioning of jurors); Braun v. Powell, 227 F.3d 908, 918–19 (7th Cir. 2000) (exclusion of

5

a single excused juror during trial satisfied <u>Peterson's</u> "triviality standard");

<u>see also</u> <u>United States v. Greene</u>, 431 F. App'x. 191, 195 (3d Cir. 2011)

(<u>Peterson's</u> "triviality analysis" remains valid after <u>Presley</u>).  And in others,

the right may yield to "a compelling governmental interest . . . [where

courtroom closure] is narrowly tailored to serve that interest."  <u>Clements v.

State</u>, 742 So. 2d 338, 340 (Fla. 5th DCA 1999) (quoting <u>Globe Newspaper

Co. v. Superior Court</u>, 457 U.S. 596, 607 (1982)).  Put another way, "[t]he

presumption of openness may be overcome only by an overriding interest

based on findings that closure is essential to preserve higher values and is

narrowly tailored to serve that interest."  <u>Press-Enter. Co. v. Superior Court

of California, Riverside Cnty.</u>, 464 U.S. 501, 502 (1984).

In the seminal case of <u>Waller v. Georgia</u>, 467 U.S. 39 (1984), the

United States Supreme Court established four prerequisites for courtroom

closure:

> First, the party seeking to close the hearing must advance an
> overriding interest that is likely to be prejudiced; second, the
> closure must be no broader than necessary to protect that
> interest; third, the trial court must consider reasonable
> alternatives to closing the proceedings; and fourth, the court
> must make findings adequate to support the closure.

<u>Pritchett v. State</u>, 566 So. 2d 6, 7 (Fla. 2d DCA 1990) (citing <u>Waller v.

Georgia</u>, 467 U.S. 39, 47 (1984)).

6

In examining the first two <u>Waller</u> prongs, it has long been settled that the physical and psychological well-being of a minor victim of sexual abuse constitutes a compelling state interest. <u>Globe</u>, 457 U.S. at 607–08; <u>see also</u> <u>Pritchett</u>, 566 So. 2d at 7 ("[T]he state has a very important interest in protecting minor victims from further trauma . . . ."). Courts have resultingly routinely upheld partial courtroom closures during a minor victim's testimony in sexual offense cases, provided family members and members of the press are authorized to remain in the courtroom. This is particularly true in cases involving familial abuse. <u>See</u> <u>United States v. Galloway</u>, 963 F.2d 1388, 1390 (10th Cir. 1992) (affirming partial closure of courtroom during testimony of 18–year–old rape victim constitutionally permissible in view of victim's age and nature of crimes where press along with the defendant's family permitted to stay); <u>Bell v. Jarvis</u>, 7 F. Supp. 2d 699, 702 (E.D.N.C. 1998) (upholding partial closure during testimony of twelve–year–old victim of sexual offenses where press and family of the victim were permitted to stay), <u>rev'd</u>, 198 F.3d 432 (4th Cir. 1999), <u>vacated on reh'g en banc</u>, 236 F.3d 149 (4th Cir. 2000); <u>United States ex rel. Morgan v. Lane</u>, 705 F. Supp. 410, 412–15 (N.D. Ill. 1989) (upholding partial closure during testimony of 16–year–old victim of rape, sexual assault, and incest trial where media and family could remain in the courtroom), <u>aff'd</u>, 897 F.2d 531 (7th Cir.1990); <u>People v. Leggans</u>, 625

7

N.E.2d 1133, 1138 (Ill. App. Ct. 1993) (partial closure upheld during testimony of eight-year-old sex offense victim where media and those directly involved in the case permitted to stay); State v. Fayerweather, 540 A.2d 353, 354 (R.I. 1988) (authorizing partial closure during testimony of six-year-old molestation victim, where family and press remained).

But any such closure is not automatic.  A case-by-case analysis as to the remaining prongs of Waller must be undertaken.  See Bell v. Jarvis, 236 F.3d 149, 168 (4th Cir. 2000) (citing Globe, 457 U.S. at 609)).

Under the third prong of Waller, the court is compelled to consider reasonable alternatives if available, even when not offered by the parties.  See Presley v. Georgia, 558 U.S. 209, 214 (U.S. 2010).  This prong has been the subject of some debate, as it appears to run counter to other entrenched appellate principles.  See id. at 218 (Thomas, J., dissenting) ("Even assuming the Court correctly extends Waller and Press-Enterprise I to this (Sixth Amendment *voir dire*) context, neither opinion 'explicit[ly] places on trial courts the burden of *sua sponte* suggesting alternatives to closure 'absent an opposing party's proffer of some alternatives.'"); see also Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by [an appellate] court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review

8

must be part of that presentation . . . ."); Abrams v. Paul, 453 So. 2d 826, 827 (Fla 1st DCA 1984) ("[I]t is the function of the appellate court to review errors allegedly committed by trial courts, not to entertain for the first time on appeal issues which the complaining party could have, and should have, but did not, present to the trial court." (citing Palmer v. Thomas, 284 So. 2d 709 (Fla. 1st DCA 1973); 3 Fla. Jur. 2d Appellate Review § 92)); Garcia v. State, 401 S.W.3d 300, 303 (Tex. App. 2013) ("[T]he trial court had to consider *all* reasonable alternatives to closure, sensibly reject each one, and issue specific findings that justified the closure in light of controlling law."). Moreover, the lower court must render case-specific findings to enable meaningful appellate review. Presley, 558 U.S. at 215.

## C

Here, the trial court examined two statutory provisions before excluding K.C. from the courtroom. The first, section 92.55, Florida Statutes, bears the title "[s]pecial protections in proceedings involving victim or witness under 18, person with intellectual disability, or sexual offense victim." The statute grants trial courts broad discretion to protect sexual offense victims or minor witnesses from "severe emotional or mental harm due to the presence of the defendant if the victim or witness is required to testify in open court." Id. §92.55(2), Fla. Stat. Trial courts are authorized to enter orders "permitting

9

or prohibiting the attendance of any person at any proceeding," id. § 92.55(4), or to

> set any other conditions . . . just and appropriate when taking the testimony of a victim or witness under the age of 18 . . . or a sexual offense victim or witness, including the use of a therapy animal or facility dog, in any proceeding involving a sexual offense or child abuse, abandonment or neglect.

Id. § 92.55(5).

The second, section 918.16(2), mandates a partial courtroom closure upon a testifying sex-offense victim's request, while permitting immediate family members of the parties, court personnel, jurors, and media to remain. Id. In the seminal case of Kovaleski v. State, 103 So. 3d 859 (Fla. 2012), the Florida Supreme Court resolved an inter-district split and held that section 918.16(2) satisfies the Waller requirements when properly applied.[1] Id. at 861. As the court noted, the victim's request establishes a compelling interest, the enumerated statutory exceptions ensure the closure is narrowly tailored, and the limited duration renders partial closure the most reasonable alternative. Id. But the court cautioned trial courts to "ensure that the statute is in fact applicable to the case before them and is properly applied.

---

[1] Kovaleski analyzed the 2001 version of the statute, which contains the same operative language as the version of section 918.16(2) at issue here.

10

Reflecting such determinations in the record will allow for proper appellate review." Id.

## D

Partial closures falling outside the ambit of section 918.16(2) are slightly murkier. This court has observed in passing that there is a persuasive line of authority supporting the proposition that a partial closure may be subject to a more relaxed "substantial reason" standard. See Moore v. State, 298 So. 3d 1208, 1211 n.2 (Fla. 3d DCA 2020) (noting the holdings in United States v. Addison, 708 F.3d 1181, 1187 (10th Cir. 2013); Judd v. Haley, 250 F.3d 1308, 1315 (11th Cir. 2001); U.S v. DeLuca, 137 F.3d 24, 34 (1st Cir. 1998); and Douglas v. Wainwright, 739 F.2d 531, 532 (11th Cir. 1984). And whether section 92.55, like 918.16(2), "acceptably embraces the requirements set forth in Waller" in every case has yet to be tested. Kovaleski, 103 So. 3d at 861; see Sandlin v. Crim. Just. Standards & Training Comm'n, 531 So. 2d 1344, 1346 (Fla. 1988) ("The legislature will be presumed to have intended a constitutional result."); see also State v. Catalano, 104 So. 3d 1069, 1075 (Fla. 2012) ("There is a strong presumption that a statute is constitutionally valid, and all reasonable doubts about the statute's validity must be resolved in favor of constitutionality.").

But we need not resolve these nuanced issues today; because here, the trial court properly balanced the competing interests and conducted an individualized inquiry, thereby satisfying the heightened requirement imposed by Waller and its progeny. Such closures are principally justified because the state has an overriding interest in sparing the victim of the "embarrassment and trauma associated with relating the details" of the crimes in a public setting. Bell, 236 F.3d at 168.

The State's request on behalf of B.R. advanced the compelling interest of protecting her from further trauma while testifying about sexual abuse—an established overriding interest under Kovaleski. The closure was narrowly tailored, as it was only imposed during B.R.'s testimony, and other spectators, including Cordon's adult immediate family members and other members of the public, were authorized to remain in the courtroom. There was no press closure order.

By first tacitly considering a more sweeping closure and ultimately fashioning a limited remedy, the trial court effectively evaluated reasonable alternatives. Kovaleski, 103 So. 3d at 861. And the trial court expounded on factual and legal findings, including B.R.'s emotional reaction, age, and the sensitive nature of the testimony, as required under Waller.

We reject Cordon's assertion that section 918.16(2) creates an absolute right for K.C. to remain in the courtroom. The statute requires the lower court to clear the courtroom of most spectators upon the victim's request. But the opposite does not hold true. 918.16(2) does not create a bright-line rule requiring that the exempted individuals remain in the courtroom, regardless of case-specific concerns. Id. Trial courts retain the inherent authority to exclude spectators for legitimate reasons, including sequestration concerns, preventing witness intimidation, or shielding minors or other immature persons from graphic or explicit testimony. See § 90.616, Fla. Stat. (2023); see also United States v. Farmer, 32 F.3d 369, 370–72 (8th Cir. 1994) (no abuse of discretion in partial closure excluding persons based on safety considerations); Martin v. Bissonette, 118 F.3d 871, 875 (1st Cir. 1997) (closure of courtroom to all spectators, including defendant's mother, during key witness's testimony did not violate Sixth Amendment where witness had been intimidated by defendant, his girlfriend, and his brothers); Woods v. Kuhlmann, 977 F.2d 74, 76–77 (2d Cir. 1992) (exclusion of defendant's family during eyewitness's testimony justified due to witness's fear for her safety after being threatened by defendant's family); United States v. Hernandez, 608 F.2d 741, 747–48 (9th Cir. 1979) (no Sixth Amendment violation where public excluded from courtroom during

13

examination of witness who was in fear of his personal safety after being threatened); see also State v. Register, 698 S.E.2d 464, 468 (N.C. Ct. App. 2010); United States v. Kobli, 172 F.2d 919, 924 (3d Cir. 1949) ("In the present case it is apparent that the trial judge's action was intended to protect the morals of the large group of youthful spectators who were in the courtroom. This was highly laudable and if his order of exclusion had been limited to this group it would have been quite proper."); cf United States v. Gupta, 699 F.3d 682, 685 (2d Cir. 2012) (reversing because "the district court's intentional, unjustified exclusion of the public for the entirety of *voir dire* was neither brief nor trivial"). As the findings below otherwise satisfied Waller, we hold that there was no violation of Cordon's constitutional right to a public trial. We therefore affirm the judgment and sentence.

Affirmed.